FIRST AGRICULTURAL BANK, trustee,[1] vs. DOROTHY
MAKEPEACE COXE & others.[2]

Berkshire. February 5, 1990.—March 8, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Trust*, Taxation, Trustee's authority. *Devise and Legacy*, Trust, Taxes. *Fiduciary. Jurisdiction*, State law affecting Federal tax.

With respect to the assets of a testimentary marital deduction trust which, by default of appointment by the testator's widow, were to pass to a second testamentary trust for the benefit of his issue, this court determined that the testator's will, which had been prepared with careful attention to appropriate estate tax considerations, authorized the trustee to divide the marital trust property into two separate trusts for the benefit of each of the testator's two children and his or her issue, in order to avoid possible application of the Federal generation-skipping transfer tax, which became effective shortly before the testator's widow died, to future distributions of those assets. [882-884]

CIVIL ACTION commenced in the Berkshire Division of the Probate and Family Court Department on August 8, 1988.

The case was reported to the Appeals Court by *Andrea A. Nuciforo*, J., on a statement of agreed facts. The Supreme Judicial Court granted a request for direct review.

*Adrienne Smith (William N. Swift & Helen H. Stewart* with her) for the plaintiff.

---

[1]Under the will of Charles D. Makepeace.

[2]Charles D. Makepeace, II, Zelinda Makepeace Douhan, Peter Makepeace Coxe, Margaret Anne Tarini, Susan Morse Makepeace, Samuel Makepeace Coxe, the President and Trustees of Williams College, the Attorney General of the Commonwealth, and the Commissioner of Internal Revenue. A guardian ad litem was appointed to represent a minor contingent income beneficiary and all unascertained contingent income beneficiaries.

WILKINS, J. The plaintiff trustee has filed a complaint seeking a determination under the will of Charles D. Makepeace concerning the manner in which it may hold assets initially placed in a testamentary marital deduction trust. These assets have passed, by default of appointment, to a testamentary trust for Makepeace's issue and, on the trust's termination, to Williams College. The trustee has sought instructions because of the possible application of Federal generation-skipping transfer (GST) taxes to certain future trust distributions if the assets of the marital deduction trust are added to the continuing testamentary trust, without a court authorized division of those assets into separate shares for the testator's two children and their issue.

The Commissioner of Internal Revenue, although served, has not appeared in this proceeding. All the other defendants have stipulated to the relevant facts and have joined in the trustee's request for relief. A judge of the Berkshire Probate and Family Court reserved and reported the case, and we allowed direct appellate review.

Charles D. Makepeace died in 1960, survived by his widow Isabelle and two children of a former marriage, Russell Makepeace and Dorothy Makepeace Coxe. In his will, Makepeace created a trust for his widow, which qualified as a marital deduction trust, with income payable to her for life and a general testamentary power of appointment exercisable by her. In the event of a default of appointment of assets in the marital deduction trust (Trust A), the will provides that the assets of Trust A should be added to a second testamentary trust (Trust B). Under Trust B, income is payable to certain of Makepeace's issue until the death of the last of his children and grandchildren living at his death, at which point (according to a codicil) all the trust assets are to be paid over to the President and Trustees of Williams College.

Trust B provides that income be paid in equal shares to Russell and Dorothy, with discretion in the trustee to distribute up to one-sixth of "the original principal of the trust" to each child and, if that is done, to make due allowance thereof in any future income distributions. At the death of

either child, his or her income share is to be paid by right of representation to that child's issue living at the time of each payment until the termination of the trust. If there is no living issue of that child, the income is made payable by right of representation to Makepeace's issue then living (in effect to the other child or his or her issue).

Russell, the son, died on January 1, 1986, survived by two children who are currently receiving one-half of the income of Trust B. Isabelle, Makepeace's widow, survived Russell and died in January, 1987. She exercised her power of appointment only to the extent of certain tax liabilities, leaving in Trust A a balance of over $2,000,000 to pass by default of appointment to Trust B. Shortly before Isabelle's death, the present Federal GST tax[3] became effective, with certain exceptions, as to transfers made after October 22, 1986.

It is agreed that the property in Trust A is subject to the provisions of the GST tax. The GST tax provisions treat Isabelle, who had a general testamentary power of appointment over assets in Trust A, as if she were the transferor of Trust A assets. Internal Revenue Code § 2652(a)(1)(A).

The GST tax will generally be applied to property passing to a transferor's grandchildren. If, however, a grandchild's parent is deceased at the time of transfer, no such tax is applied to payments to such a grandchild. I.R.C. § 2612(c)(2). In this case, Russell predeceased his stepmother, and consequently payments to his children from Trust A (or from Trust A assets added to Trust B) would qualify for the deceased child exception if the trust property is held in "substantially separate and independent shares of different beneficiaries." I.R.C. § 2654(b)(2). No regulations have been issued clarifying what "substantially separate and independent shares" means in I.R.C. § 2654(b)(2).

The trustee requests that, to ensure that distributions from Trust A assets to Russell's children qualify for the deceased

[3]See Pub. L. 99-514, c. 14, § 1431(a), 100 Stat. 2717 (1986), as amended by Pub. L. 100-647 (1988), to be codified at 26 U.S.C. (Internal Revenue Code).

child exception, we declare that the trustee may hold Russell's share of Trust A assets as a separate trust in which his sister Dorothy would have no present interest.[4] The trustee asserts that physical separation of the Trust A property will also facilitate the application of the entire exemption from the GST tax provided in I.R.C. § 2631 to Dorothy's separate share of Trust A assets.[5]

On a fair reading of the will, one could conclude that, without any court order authorizing a change, the share of Trust B for Dorothy and her issue and the share of Trust B for Russell's issue are substantially separate shares. It seems doubtful that the Internal Revenue Code requires physical separation of all assets in light of the recognition in § 2654(b) that, in certain circumstances, a single trust can be treated as two or more separate trusts.

We have no doubt that the circumstances the trustee has presented warrant our issuing a declaratory statement or instruction concerning the authority of the trustee to separate Trust A assets in some way so that the GST tax will not apply to distributions from Trust A assets to Russell's children. We have regularly recognized the appropriateness of granting declaratory relief to fiduciaries seeking instructions concerning the manner in which an instrument making a donative disposition should be construed in connection with the possible application of Federal estate tax provisions. See, e.g., *McClintock* v. *Scahill*, 403 Mass. 397, 398 n.4 (1988); *Dana* v. *Gring*, 374 Mass. 109, 113-115 (1977).

From the language of the testator's will, it is apparent that he treated his children's shares in Trust B as separate shares. This division is recognized by the provision that each might receive distributions of principal and, if either or both did, adjustments in future income distributions must be made to

---

[4]Dorothy has a contingent interest in the income from Russell's share, but it seems that does not matter in determining separateness for GST tax purposes. See I.R.C. § 2652(c)(1).

[5]The question whether such an allocation of the entire exemption would be appropriate is not before us. It would seem to be appropriate if it were clear no part of Russell's share will be subject to a GST tax.

recognize that fact. The separate nature of the shares is further shown by the provision that each child's share is distributable per stirpes to his or her issue until that line might run out. The authority of the trustee to treat the shares separately is supported by a provision in the will that grants the trustee power to separate any part of the trust principal from the remainder of the principal whenever it is necessary to do so.

Certainly, the testator responded to appropriate estate tax considerations as of the time he executed his will (and as of the time of his death). He provided for a marital deduction trust and for a charitable remainder. His will was estate tax conscious. We should not permit a provision calling for the melding of Trust A assets with Trust B assets to be carried out if the tax consequences of such an event would be antithetical to the careful estate planning principles that guided the drafting of the will. Inherent in the provisions of Makepeace's will is the intent that no general provision should be applied to produce a Federal estate (or GST) tax result that would solely benefit the Federal tax gatherers. See *Mazzola v. Myers*, 363 Mass. 625, 638-639 (1973). Thus we accept the principle that Trust A assets should be divided between the share for Dorothy and her issue and the share for issue of Russell.[6]

In the trustee's discretion, Trust A may continue or its assets may be added to Trust B as provided in the will. In either event, Trust A assets shall be divided into two shares. As long as it is necessary to do so, consistent with sound trust administration, each share of Trust A assets may be kept and administered separately from Trust B assets.

A judgment shall be entered in the Probate and Family Court declaring that the will of Charles D. Makepeace au-

---

[6]The fine tuning of the administration of the trusts that we have approved in this case in order to reduce, if not eliminate, the application of the GST tax of 55% (I.R.C. §§ 2001[c], 2641-2642) is mild compared to the major overhaul of the donative dispositions approved in two lower court opinions in New York. See *Matter of Will of Kaskel*, 549 N.Y.S.2d 587 (1989); *Matter of Choate*, 141 Misc. 2d 489 (N.Y. 1988).

First Agricultural Bank *v.* Coxe.

thorizes the trustee to divide the Trust B property into two shares as separate trusts for the benefit of each of his children and their respective issue and that assets of Trust A shall be held separately in equal shares, in Trust A or Trust B, as long as may be necessary to achieve the purposes described in this opinion. The form of the judgment to be entered shall be in the discretion of the trial court judge within the limits authorized by this opinion.

*So ordered.*