BANKBOSTON, trustee,[1] *vs.* HUGH WILLIAM MARLOW
& others.[2]

Norfolk. September 2, 1998. - November 2, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Trust,* Reformation, Taxation. *Taxation,* Trust.

This court concluded that a reformation of a trust, sought by the trustee, that
affected neither the dispositive terms of the trust nor the interest of any
beneficiary, was warranted to effectuate the settlor's objective to minimize
tax liability. [285-286]

CIVIL ACTION commenced in the Norfolk Division of the
Probate and Family Court Department on July 29, 1994.

The case was reported to the Appeals Court by *Eileen M.
Shaevel,* J., on a statement of agreed facts. The Supreme Judicial
Court granted a request for direct review.

The case was submitted on briefs.

*Asa Emory Phillips, III* (*Lauren K.H. Dillon* with him) for
the plaintiff.

WILKINS, C.J. This is an action to reform a written trust agree-
ment brought by BankBoston, trustee of the Elsa O. Marlow
Trust (Marlow trust). BankBoston seeks a determination that
each of the three subtrusts created under the Marlow trust be
divided and administered as two separate trusts, with one to be
subject to, and the other exempt from, Federal generation-
skipping transfer (GST) taxes. This division, BankBoston
contends, will accomplish Marlow's intention of minimizing
Federal transfer taxes, reduce substantially the GST tax payable

---

[1]Of the Elsa O. Marlow Trust. The complaint originally was brought by
BayBank, formerly BayBank Norfolk County Trust Company, now BankBos-
ton, N.A.

[2]Barbara Hahn Marlow, Laura Reynolds Marlow, Dave Ogden Marlow,
Christopher Hugh Marlow, Andrew Graves Marlow, Gordon Anthony Marlow,
Sally Helen Marlow, Jennifer M. Anderson, Elizabeth C. Marlow, Peter Ogden
Marlow, Fiona W. Marlow, Catherine B. Marlow, and Julia W. Marlow.

over the life of the trust, conserve assets for the beneficiaries, and simplify administration of the Marlow trust. The requested reformation will result in an administrative change only, affecting neither the dispositive terms of the Marlow trust nor the interest of any beneficiary.

The Commissioner of Internal Revenue, although served, has not appeared in this proceeding. All named defendants have agreed to the relevant facts and have assented to the proposed reformation. Pursuant to Mass. R. Civ. P. 64, as amended, 423 Mass. 1410 (1996), a judge in the Norfolk County Probate and Family Court reported the case to the Appeals Court, and we allowed direct appellate review.

Elsa O. Marlow died in 1993, survived by three sons and eight grandchildren. By a trust instrument dated April 13, 1984, and amended June 28, 1985, before the GST was enacted, Marlow, as grantor, and BankBoston and Marlow's late husband, as trustees, created the Marlow trust. In order to minimize Federal and Massachusetts estate taxes, the trust provides for the creation of a marital deduction trust if Marlow's husband were to survive her. He did not survive her, however, and in that circumstance the trust provides for the creation of three separate and equal subtrusts, one for each of Marlow's sons and their respective wives and families.

The subtrusts established for Marlow's sons Gordon and Peter are identical, providing that the subtrust principal and income be applied for the son's benefit during his life. Thereafter, the trustee is to pay the principal and income to the son's wife and children and to the issue of any deceased child until the death or remarriage of the wife. At that time, the subtrust assets are to be distributed free of trust to each son's issue by right of representation. The share of any such issue is to be held, however, until the beneficiary attains the age of twenty-five.

The subtrust established for the third son, Hugh, and his family is the same with two exceptions. First, the principal and income is to be applied, upon Hugh's death, for the benefit of his wife and daughter, rather than for all his issue. Second, upon his wife's death or remarriage, the principal and income is to be applied for his daughter's benefit until she completes her education or attains the age of thirty, whichever occurs first. At that time, the subtrust is to be distributed free of all trusts among Hugh's children with a one-fifth share to each of his three sons and a two-fifths share to his daughter.

The parties agree that the Marlow trust and the subtrusts are subject to the GST tax. The GST tax generally applies whenever a transfer of property skips one or more generations, such as a gift from a grandparent to a grandchild. 26 U.S.C.A. §§ 2611, 2612 (West 1989 & Supp. 1998). As the subtrusts are now designed, a GST tax will be imposed on a portion of each distribution of principal or income from the subtrusts to Marlow's grandchildren and more remote issue. 26 U.S.C.A. §§ 2001(c), 2641-2642 (West 1989 & Supp. 1998). A single personal exemption of $1,000,000 from the GST can be applied to any property transferred by Marlow, including the Marlow trust and subtrusts. 26 U.S.C.A. § 2631(a) (Supp. 1998). This exemption will be insufficient to protect from the GST all the assets that will fund the subtrusts. Consequently, unless the trust instrument is reformed, the exemption allocable to each subtrust will be less than the market value of its assets and a GST tax will be payable on each distribution of principal or income from each subtrust to any grandchild or more remote issue of Marlow.

The GST tax could be lessened, however, if BankBoston is authorized to allocate Marlow's $1,000,000 exemption to or among one or more of the subtrusts. Accordingly, BankBoston seeks our declaration that each subtrust may be divided into two separate trusts, one funded with an amount equal to an allocated portion of the available GST tax exemption and the other funded with the balance of funds otherwise available to fund the subtrust. Although certain distributions from the second subtrusts, the nonexempt ones, will be subject to the GST, BankBoston asserts that the GST tax can be avoided or minimized by making distributions from the nonexempt subtrusts to Marlow's children or to cover certain expenses of the grandchildren that will not give rise to GST tax liability, even though they are made from a nonexempt subtrust.[3]

The circumstances warrant authorizing BankBoston to divide each subtrust into an exempt subtrust and nonexempt subtrust and to administer each divided subtrust separately. We have allowed the reformation of trust instruments which produced tax results that were clearly inconsistent with the settlor's tax objectives. See *Putnam* v. *Putnam*, 425 Mass. 770, 772-773 (1997); *Pond* v. *Pond*, 424 Mass. 894, 899 (1997); *Simches* v. *Simches*,

---

[3]The GST tax does not apply to payment of certain medical and educational expenses. I.R.C. § 2611(b) (1994).

423 Mass. 683, 687-688 (1996). See Restatement (Third) of Property (Donative Transfers) § 12.2 (Tent. Draft No. 1, 1995). In circumstances similar to those presented in this case, we have authorized a trustee to divide assets into separate shares for a testator's children and their issue so that the GST tax would not apply to distributions from certain trust assets initially placed in a testamentary marital deduction trust. See *First Agric. Bank* v. *Coxe*, 406 Mass. 879, 882-883 (1990). From the language of the Marlow trust, it is clear that she would have intended to authorize BankBoston to divide the subtrusts in order to minimize the GST taxes incurred by the Marlow trust and to isolate from the GST assets ultimately to be received by her grandchildren. The Marlow trust states: "Since it is the Donor's intention that her estate shall be entitled to the maximum estate tax marital deduction . . . this instrument shall be interpreted and all questions resolved in such manner as to accomplish said intention." Marlow attempted to respond to appropriate estate tax considerations as of the time she executed the trust instrument, as evidenced by her provision for a marital deduction trust that was to be "equal in value to the maximum marital deduction allowable in determining the federal estate tax on the Donor's gross estate for federal estate tax purposes." Inherent in the Marlow trust is the intent that it be administered in a way that enriches Elsa Marlow's family rather than the Federal tax gatherers. See *First Agric. Bank* v. *Coxe, supra* at 883; *Mazzola* v. *Myers*, 363 Mass. 625, 638-639 (1973).

The reformation BankBoston seeks is minimal compared with the requests which we approved in two recent cases. In *Pond* v. *Pond, supra* at 899, we ordered that a revocable trust be reformed to provide a surviving spouse a "qualifying income interest for life," I.R.C. § 2056(b)(7)(B) (1994), in order to qualify for the estate tax marital deduction, even though the reformation altered the beneficial interests of the trust's beneficiaries. In *Simches* v. *Simches, supra* at 688-689, we reformed a qualified personal residence trust (QPR trust) by changing the beneficiaries in order to eliminate the GST tax consequences of naming grandchildren as beneficiaries of the QPR trust. The proposed reformation of the Marlow trust neither changes the identity of any beneficiary nor alters any beneficial interest. It constitutes "fine tuning of the administration of the trusts . . . in order to reduce, if not eliminate, the application of the GST tax" of the sort that we approved in *First Agric. Bank* v. *Coxe, supra* at 883 n.6.

A judgment shall be entered in the Probate and Family Court reforming the Marlow trust, effective as of the death of Marlow, to authorize BankBoston to divide each subtrust into an exempt subtrust and nonexempt subtrust and to administer each such divided subtrust as a separate trust. The court shall enter such further provisions in the judgment as are appropriate to fulfil the purposes of the trust as reformed.

*So ordered.*