FLEET NATIONAL BANK & another,[1] trustees,[2] *vs.* ALLEN D. MACKEY & others.[3]
March 23, 2001. *Taxation,* Generation skipping transfer tax. *Trust,* Interpretation, Taxation.

The plaintiffs, cotrustees of the Stuart D. Mackey Trust, commenced this action in the Hampden Division of the Probate and Family Court Department seeking a declaration that they may divide one of two subtrusts into two separate trusts. The defendants (other than the Commissioner of Internal Revenue, see note 3) have assented to the relief sought. The relevant facts are not in dispute. A judge in the Probate Court reported the case to the Appeals Court. We granted the plaintiffs' application for direct appellate review.[4]

The decedent, Stuart D. Mackey, died on February 12, 1997. By the terms of his will, the residue of his estate poured over into the Stuart D. Mackey Trust. The trust agreement referred to two subtrusts: trust A, denominated "marital deduction," and trust B, denominated "non-marital deduction." The sole beneficiary of trust A was the decedent's wife, Gloria L. Mackey, who survived him. Gloria was to receive either one-third of the entire trust estate or $500,000, whichever was less.[5]

Trust B, which was to receive the balance of the trust estate, was for the benefit of the decedent's son, Richard F. Mackey, and Richard's issue during Richard's lifetime. Richard has a limited power of appointment that enables him to designate the person or persons — other than himself, his estate, his creditors, or creditors of his estate — to whom the res of trust B is to be distributed on his death. In default of appointment, the res of trust B is to be distributed to Richard's sons, the decedent's grandsons, Allen D. Mackey, Stephen M. Mackey, and Stuart D. Mackey.

The parties agree that trust B is subject to the Federal generation skipping transfer (GST) tax. The parties are thus faced with the same general type of problem that faced the subtrust beneficiaries in *BankBoston v. Marlow*, 428 Mass. 283 (1998). They claim that, unless trust B is divided, they will be unable to avail themselves fully of the benefit of the $1,000,000 personal exemp-

[1]Richard F. Mackey.

[2]Of the Stuart D. Mackey Trust.

[3]Stephen M. Mackey, Stuart D. Mackey, and the Commissioner of Internal Revenue (commissioner). Though named as a defendant and served with process, the commissioner, as commonly happens in this type of case, has chosen not to participate. See *Berman v. Sandler*, 379 Mass. 506, 509 n.5 (1980).

[4]"We have regularly recognized the appropriateness of granting declaratory relief to fiduciaries seeking instructions [in circumstances such as this]." *First Agric. Bank v. Coxe*, 406 Mass. 879, 882 (1990), and cases cited.

[5]While denominated a trust, trust A in fact stated that, upon the decedent's death, presuming that Gloria survived him (as she did), the property targeted for trust A was to be distributed by the trustee to Gloria "free of trust."

tion from the GST tax. To reap the full benefit of the exemption, they propose dividing trust B into, and administering it as, two separate trusts with identical provisions. One of the two newly created subtrusts would be subject to the GST tax, and the other (through allocation of the $1,000,000 exemption to it) would effectively be exempt from the GST tax.[6] Future distributions that would otherwise be subject to the tax would then be made from the exempt subtrust, and distributions that would not be subject to the tax could be made from the nonexempt subtrust. The parties represent that, as in *BankBoston* v. *Marlow*, *supra*, the proposed division would result in an administrative change only, and that neither the dispositive terms of the Stuart D. Mackey Trust nor the interest of any beneficiary would be affected.[7]

Here, as in *BankBoston* v. *Marlow*, *supra*, the circumstances warrant the proposed division. Stuart D. Mackey's trust indicates his tax consciousness. The reference to trust A as a "marital deduction" trust reflects an awareness of, and an intent to minimize, the Federal estate tax consequences,[8] regardless of whether the instrument actually accomplishes that goal (a point on which we need not express an opinion).[9] Although the parties cite no language in the trust expressly authorizing such a division, we find no language forbidding it.[10] We are satisfied that the decedent did not intend his will and trust to operate in a manner that would enrich only the taxing authorities. See *First Agric. Bank* v. *Coxe*, 406 Mass. 879 (1990).[11]

A judgment shall be entered in the Probate Court authorizing the plaintiffs to divide and administer trust B as proposed. The court shall also enter such further provisions in the judgment as may be appropriate to fulfil the purposes of the division.

*So ordered.*

*Gary P. Shannon* for the plaintiffs.

---

[6]The value of trust B as of Stuart D. Mackey's death was $1,730,770.59.

[7]While the case was pending in the Probate Court, a guardian ad litem was appointed to represent the interests of any unborn or unascertained beneficiaries of the trust. The guardian ad litem filed a report endorsing the proposed division.

[8]Article VIII of the trust also expressly refers to the decedent's "intention to have the property in [trust A] qualify for the marital deduction."

[9]Here, as in *BankBoston* v. *Marlow*, 428 Mass. 283 (1998), and *First Agric. Bank* v. *Coxe*, *supra*, the trust was established before enactment of the GST tax.

[10]General Laws c. 191B, § 13 (*a*) (22), relied on by the parties for the proposition that the trustees may "perform any . . . act necessary or appropriate to administer the trust," pertains to trusts created under G. L. c. 191B, the Massachusetts Uniform Statutory Will Act.

[11]As noted in *BankBoston* v. *Marlow*, *supra* at 286, and *First Agric. Bank* v. *Coxe*, *supra* at 883 n.6, this type of a division of a trust is minimal compared to what has been approved in other cases. It is merely the "fine tuning of the administration of the trust[] . . . in order to reduce, if not eliminate, the application of the GST tax." *Id.*

We also note that many other States, including New York and New Jersey, have statutes that expressly authorize the division of trusts without court approval. See N.Y. Est. Powers & Trusts Law § 7-1.13(a)(1)(D) (McKinney 2000); N.J. Stat. Ann. § 3B:14-23(r)(2) (West 2001). The New York statute expressly permits division for purposes of GST planning.