RICHARD L. RILEY, executor,[1] & another,[2] trustees,[3] *vs.* MARY L. RILEY & others.[4] July 17, 2001. *Trust,* Reformation, Taxation.

We granted the plaintiffs' application for direct appellate review. Having reviewed the record, we are satisfied that the Mary C. Riley Trust should be reformed, as a matter of Massachusetts law, to conform to the settlor's intent. By dividing the Family Trust (nonmarital trust within the Mary C. Riley Trust) into two trusts with identical provisions, the trustees can take full advantage of the $1,000,000 exemption from the generation skipping transfer tax. We have allowed this type of division in prior cases where, as here, it has been demonstrated that the trust instrument as written fails to conform to the settlor's wishes by producing tax results that are clearly inconsistent with his or her tax objectives. *Fleet Nat'l Bank* v. *Mackey,* 433 Mass. 1009 (2001). *BankBoston* v. *Marlow,* 428 Mass. 283 (1998). *First Agric. Bank* v. *Coxe,* 406

---

[1]Of the estate of Mary C. Riley.

[2]Fleet National Bank.

[3]Of the Mary C. Riley Trust.

[4]Richard C. Riley and Susan H. Riley.

Mass. 879 (1990). This particular type of division is "minimal compared to what has been approved in other cases." *Fleet Nat'l Bank* v. *Mackey, supra* at 1010 n.11, and cases cited.[5]

A judgment shall be entered in the Probate and Family Court reforming the Mary C. Riley Trust by dividing the Family Trust in the manner set forth in paragraph 26 of the complaint. The probate judge may also enter such further provisions in the judgment as may be appropriate to fulfil the purposes of the division.[6]

*So ordered.*

*Michele J. Feinstein, Susan A. Mielnikowski, & Mary Costello*, for the plaintiffs, submitted a brief.


[5]Before reporting the case for determination, the probate judge ordered the entry of a judgment granting all aspects of the relief sought by the plaintiffs. Neither the applicable statute (G. L. c. 215, § 13) nor the rule (Mass. R. Civ. P. 64, as amended, 423 Mass. 1410 [1996]) authorizes a judge to report a case that has been finally decided in the trial court. *Smith* v. *Brown*, 430 Mass. 1005, 1005-1006 (1999). We decide this case despite its procedural impropriety because the plaintiffs represent that only a decision from this court will suffice. See *Walker* v. *Walker*, 433 Mass. 581, 582 (2001). In the future, parties seeking a decision from us in a case of this type should ensure that the report conforms to the requirements of the statute and rule.

[6]The plaintiffs ask that we reform the Mary C. Riley Trust in other respects as well, but they do not argue in their brief that their other proposed changes are necessary to effectuate the settlor's intent. We therefore do not address the other proposed changes. See *Hillman* v. *Hillman*, 433 Mass. 590, 595 n.10 (2001); *Walker* v. *Walker, supra* at 589. See also Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).