*Anthony Bloise,* pro se.

FLEET NATIONAL BANK, trustee,[1] *vs.* GORDON E. MARQUIS & others.[2] June 28, 2002. *Trust,* Reformation, Taxation. *Taxation,* Generation skipping transfer

---

[1]Under a trust agreement between Martha Ely Marquis and Old Colony Trust Company.

[2]William B. Marquis, Second; Victoria Marquis; Ronald M. Stevenson; Cynthia Stevenson; Pamela J. Rock; Christina M. Marquis; Alexander G. Marquis; Christopher

tax. *Practice, Civil,* Declaratory proceeding.

Fleet National Bank, sole trustee of the Martha Ely Marquis Trust, commenced this action in the Probate and Family Court, seeking declaratory relief and reformation of a trust instrument. Fleet seeks to divide the entire trust into two separate but identical subtrusts as a means of minimizing Federal generation-skipping transfer (GST) taxes. The defendants, beneficiaries of the trust, have assented to the relief sought.[3] The relevant facts are not in dispute. A judge in the Probate Court reported the case to the Appeals Court. We granted Fleet's application for direct appellate review.

The amended trust agreement states that, following Martha's death, the trust corpus is to continue as a single trust until the death of her son, Gordon E. Marquis. During his lifetime, the net income of the trust — but not the principal — is to be paid to Gordon and to the surviving issue of his deceased sister. Upon Gordon's death, the trust estate is to be distributed in equal shares to Martha's grandchildren (including those who had been receiving income during Gordon's lifetime). If any of these grandchildren predecease Gordon, then their issue are to take their parents' share by right of representation.

The parties agree that the trust is subject to the Federal GST tax.[4] To take full advantage of the $1 million personal GST tax exemption, they propose dividing the trust into two separate, but identical, subtrusts. One of the subtrusts would be funded with trust assets equal in value to the maximum available exemption. The other subtrust would be funded with the balance of the trust's assets. Future distributions that would otherwise be subject to the GST tax could then be made from the exempt subtrust, and distributions that would not be subject to the tax could be made from the nonexempt subtrust. The parties claim that such a division would conserve trust assets for the beneficiaries and would simplify future administration of the trust. The parties also represent that such a division "will neither alter the dispositive terms of the trust nor affect the interests of the trust beneficiaries."

Here, the circumstances warrant the proposed division. "We have regularly recognized the appropriateness of granting declaratory relief to fiduciaries seeking instructions [in circumstances such as this]." *Fleet Nat'l Bank v. Mackey,* 433 Mass. 1009, 1009 n.4 (2001), quoting *First Agric. Bank v. Coxe,* 406 Mass. 879, 882 (1990). Although the parties cite no language in the trust agreement expressly authorizing a division of the trust, there is no language forbidding it. Such a division is minimal compared to what has been approved in other cases. It is merely the "fine tuning of the administration of the trust[] . . . in order to reduce, if not eliminate, the application of the GST tax." *BankBoston v. Marlow,* 428 Mass. 283, 286 (1998), quoting *First Agric. Bank v. Coxe, supra* at 883 n.6. See *Riley v. Riley,* 434 Mass. 1021, 1021 (2001).

A judgment shall be entered in the Probate Court authorizing Fleet to divide and administer the trust as proposed. The court shall also enter such further

Stevenson; Jason Stevenson; Jennifer Ramsey; Jessica Ramsey; William Ramsey; Matthew Rock; Melissa Rock; and Shana Rock.

[3]Fleet did not name the Internal Revenue Service as a defendant in the action, but did provide it with a copy of the complaint.

[4]The parties also agree that the last amendment of the trust took place before Congress enacted the current GST tax in 1986.

provisions in the judgment as may be appropriate to fulfil the purposes of the division.

*So ordered.*

The case was submitted on briefs.

*Asa E. Phillips, III, & Lauren K.H. Dillon* for the plaintiff.