JOANNE V. DAVIS *vs.* THOMAS B. SLAUGHTER, trustee,[1] & others.[2] December 10, 2002. *Trust,* Qualified personal residence trust, Reformation. *Taxation,* Trust, Generation skipping transfer tax.

Joanne V. Davis, settlor of the Joanne V. Davis Qualified Personal Residence (QPR) Trust, commenced this action in the county court, seeking reformation of the QPR trust. Davis asserts that, unless the trust is reformed by severing it into three trusts that she represents will provide for the same succession of interests of beneficiaries as are provided in the original trust, the trust will suffer unfavorable Federal generation skipping transfer (GST) tax consequences when it terminates by its own terms on December 16, 2002.

Although not cited by Davis, the facts of this case are virtually identical to those in *Simches* v. *Simches,* 423 Mass. 683 (1996). Indeed, the relief requested by Davis in this case, severance of the trust into three trusts, is less drastic than that authorized by the *Simches* court, namely, substitution of beneficiaries. *Id.* at 688-689. Rather, the requested severance of the trust is more akin to the type of "fine tuning of the administration of the [trust] . . . in order to reduce, if not eliminate, the application of the GST tax," *First Agric. Bank* v. *Coxe,* 406 Mass. 879, 883 n.6 (1990), that we have approved in several cases.

---

[1] Of the Joanne V. Davis Qualified Personal Residence Trust.

[2] Susan M. Johnson, Caroline Viall Monzani, Courtney Somerville Clough, William Tyler Clough, and the Commissioner of Internal Revenue.

Therefore, for the reasons stated in the *Simches* case, we remand this case to the county court for entry of a judgment reforming the QPR trust as proposed.[3]

*So ordered.*

*Stephen G. Howard* for the plaintiff.

---

[3]Litigants and attorneys bringing trust reformation cases before the single justice and the full court are reminded of their obligation to provide "a full and proper record and the requisite degree of proof that they are entitled to the relief they seek." *Walker* v. *Walker*, 433 Mass. 581, 582 n.5 (2001).