CAROLINE FLOREZ & another,[1] trustees,[2] *vs.* CAROLINE FLOREZ, individually, & another,[3] trustees,[4] & others.[5] February 17, 2004. *Trust,* Reformation, Power of appointment.

This case, in which the parties seek to reform a testamentary trust, is before the court on the grant of a joint application for direct appellate review after being reported to the Appeals Court by the Probate and Family Court.

Hilda E. Gibson executed a will in 1980 that created two trusts, a marital trust for the benefit of her husband, William Gibson, and a family trust for the benefit of her daughter, Caroline Florez, and Hilda's grandchildren, Frederick Brittain, Sarah Florez and Albert Florez. Specifically, the will stated:

> "If my husband William survives me by thirty (30) days, the rest and residue shall be divided into two equal shares and distributed to my trustees hereafter named for the following purposes:
>
> "(a) The first share shall be held in trust to pay for the income and such of the principal as may be needed for his welfare and support to my husband for life and on his death as he shall by will appoint the trust principal. If he fails to appoint or predeceases me, this first share shall be added to and become a part of the second share hereinafter disposed of in (b).
>
> "(b)(1) The second share shall be held in trust for my daughter, CARO-

---

[1] Roland Gray, Third.

[2] Of the will of Hilda E. Gibson.

[3] Roland Gray, Third.

[4] Of the testamentary trust provided for in the will of Hilda E. Gibson.

[5] Frederick Brittain, Sarah Florez, and Albert Florez.

LINE, to pay the income and such of the principal as may be needed for her welfare and support during her life.

"(b)(2) On the death of my daughter, the then remaining trust principal shall be distributed free of trust in equal shares to her children or to their issue by right of representation."

When Hilda died in 1999, she was survived by William, Caroline and her three grandchildren.

William died in 2000 without exercising his power of appointment over the first share, or marital trust. Therefore, the remaining assets in the marital trust are to be added to the second share, or the family trust.[6]

The trustees make two requests. The first, asking that Hilda's testamentary marital trust be reformed to prevent it from merging with the family trust to minimize generation skipping transfer (GST) tax consequences, is both straightforward and a type of reformation this court has approved in the past. See, e.g., *First Agric. Bank* v. *Coxe*, 406 Mass. 879 (1990) (permitting reformation of testamentary trust to prevent one trust from merging with another). We allow it.

The second request, asking that the marital trust be reformed to grant Hilda's daughter, Caroline, a testamentary general power of appointment over its principal, is a different matter. This proposed reformation would give Caroline the power to distribute the remaining trust assets in her will to whomever she chooses. While she might choose the same beneficiaries Hilda did, Caroline's children, there is no guarantee of that. Nor is there any guarantee that Caroline's children would share equally in the trust assets, as Hilda intended. We have not permitted the reformation of a testamentary trust to change the decedent's deliberate choice concerning the distribution of her assets. We decline to do so here.

As the trustees stated in their brief, preventing the marital trust from merging with the family trust, their first request, will serve to minimize GST taxes by permitting the trustees to invade the principal of the nonexempt marital trust when necessary, thus maximizing the amount eventually distributed to Hilda's beneficiaries from the exempt family trust. See *Fleet Nat'l Bank* v. *Marquis*, 437 Mass. 1010, 1011 (2002) (parties requested identical reformation, representing that it would minimize GST taxes); *First Agric. Bank* v. *Coxe, supra* at 882 (same). While this reformation may not accomplish the trustees' goal of eliminating the marital trust's entire potential exposure to GST taxes, it preserves the intent of the decedent. Their second request would not.

The case is remanded to the Probate and Family Court for reformation consistent with this opinion.

*So ordered.*

*Alan K. Posner* for the plaintiffs.

---

[6]The trustees represent that each trust was funded with $904,551 at Hilda's death.