FREDERICK J. ENGLAND, JR., & another,[1] trustees,[2] *vs.* JENNIFER L. DECKER & others.[3] April 20, 2004. *Trust,* Reformation. *Taxation,* Generation-skipping transfer tax.

A single justice of this court has reserved and reported this case to the full court. The trustees seek to reform the Frederick J. England Family Trust by dividing "Trust B" into two separate trusts, a generation-skipping transfer (GST) tax exempt trust and a GST tax nonexempt trust, in order to minimize Federal GST taxes and administration expenses.[4] We have previously allowed reformations of this type. See *Fleet Nat'l Bank* v. *Kahn*, 438 Mass. 1004 (2002); *Fleet Nat'l Bank* v. *Marquis*, 437 Mass. 1010 (2002); *Fleet Nat'l Bank* v. *Mackey*, 433 Mass. 1009 (2001).

After a thorough review of the record, we are satisfied that the proposed

---

[1]Eastern Bank.

[2]Of the Frederick J. England Family Trust.

[3]William N. England; Hilary E. Norman; Alexandra L. Decker, through her next friend Jennifer L. Decker; Dorothy R. England, Peter A. England, and David N. England, through their next friend William N. England; Lia J. Norman, Elijah D. Norman, and Nicholas J. Norman, through their next friend Hilary E. Norman; Frederick J. England, Jr.; and the Commissioner of Internal Revenue.

[4]All of the known beneficiaries have agreed to the operative facts and assented to the relief requested. The single justice, for good cause shown, allowed the trustees' motion to waive the appointment of a guardian ad litem.

reform promotes the settlor's intent and should be allowed as a matter of Massachusetts law. The language of the trust reveals that the settlor was tax conscious, and there is no provision prohibiting such a division of the trust. The proposed division will not affect the dispositive terms of the trust nor will it alter any beneficial interests. This type of trust reform is minimal and constitutes only a "fine tuning of the administration of the trust[] . . . in order to reduce, if not eliminate, the application of the GST tax." *BankBoston* v. *Marlow*, 428 Mass. 283, 286 (1998), quoting *First Agric. Bank* v. *Coxe*, 406 Mass. 879, 883 n.6 (1990).

A judgment shall be entered in the county court authorizing the plaintiffs to divide and administer "Trust B" as requested in paragraphs 1 and 2 of the complaint's prayer for relief.

*So ordered.*

*Jeffrey P. Hart, John D. Stuebing, & Karen L. McKenna*, for the plaintiffs, submitted a brief.