DANIEL PIERCE, trustee,[1] *vs.* CAROLINE MERRIAM DOYLE & others.[2] November 5, 2004. *Trust,* Reformation, Construction, Power of appointment. *Taxation,* Trust.

Daniel Pierce, trustee of a trust created under Article 15(b) of the will of the late Charles Sumner Pierce (testator), commenced this action in the Probate and Family Court seeking reformation of the trust. The parties have stipulated to the relevant facts, and the defendants — including Caroline Merriam Doyle, her husband, her children, and their adult issue — have assented to the requested relief. A guardian ad litem, appointed to represent the interests of the minor parties and unborn or unascertained persons who may become interested in the trust, also has joined in the stipulation and assented to the relief sought. On the parties' motion, a judge in the Probate and Family Court reported the case to the Appeals Court. See G. L. c. 215, § 13; Mass. R. Civ.

---

[1]Under the will of Charles Sumner Pierce, dated May 16, 1944.

[2]William G.H. Doyle; Caroline Pierce Gillespie; Donald H. Doyle; Caroline A. Dillard; Alexandra O. Cooney; Kimberly Reid McCoy; Gregory Pierce Doyle; Vanessa M. Gillespie; Joshua W. Gillespie; Oscar Youngman, a minor; Victoria Doyle, a minor; Beatrice Cooney, a minor; and Damon Cooney, a minor. The Commissioner of Internal Revenue was named as a defendant but did not appear.

P. 64, as amended, 423 Mass. 1410 (1996). We granted the trustee's applica-
tion for direct appellate review. See *Commissioner of Internal Revenue* v.
*Estate of Bosch*, 387 U.S. 456, 465 (1967); *Walker* v. *Walker*, 433 Mass. 581,
582 (2001).

The trustee alleges that, because of drafting errors, the trust as written fails
to give effect to one of the testator's estate planning goals, that is, to transfer
his property to his issue while minimizing adverse tax consequences. Provided
there is an appropriate record and the requisite proof regarding the testator's
intent, we have allowed reformation of trusts to conform with the testator's
intent. See, e.g., *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999); *BankBos-
ton* v. *Marlow*, 428 Mass. 283, 285 (1998). In this case, we are satisfied that
reformation is warranted.

At issue is whether a power of the appointment granted to Caroline Mer-
riam Doyle under Article 15(b) was intended to be a general power or, instead,
a special or limited power exercisable only in favor of her spouse and issue.[3]
See *Shawmut Bank, N.A.* v. *Buckley*, 422 Mass. 706, 711-712 (1996) ("One
who has a general power of appointment is considered the owner of the assets
for Federal tax purposes . . ."). In relevant part, Article 15(b) states that if
Doyle is survived by a husband and child, or issue of a deceased child, the
trustee shall "pay over the principal of said [trust] share as she shall by her
last will appoint." In a proceeding some thirty-seven years ago, a judge in the
Probate Court, when asked to construe the same provision by the beneficiary,
declared:

> "[T]hat the power granted to Caroline Merriam Doyle in Article
> 15(b) of Charles Sumner Pierce's will in the event she dies leaving a
> husband and a child or children, or issue of a deceased child her surviv-
> ing, is a special power, the appointees being limited to such one or
> more of the group consisting of such surviving husband and her children
> and more remote issue who survive her as she directs by her last will;
> [and] that in the event Caroline Merriam Doyle dies leaving issue her
> surviving but no husband her surviving, the principal of her trust share
> shall at her death be paid over and conveyed to her heirs-at-law under
> the terms of the will of Charles Sumner Pierce."

Then, as now, it was a "fundamental principle of Massachusetts law" that
trust instruments be construed to "ascertain the intention of the testator from
the whole instrument, attributing due weight to all its language . . . and to
give effect to that intent unless some positive rule of law forbids." *Dana* v.
*Gring*, 374 Mass. 109, 117 (1977), quoting *Hill* v. *Aldrich*, 326 Mass. 630,
632 (1951). Although the correctness of the prior declaratory judgment is not
before us, per se, the parties do not challenge it, and we see no error in it.[4]

The parties now seek to reform the trust in a manner consistent with the

---

[3]The trustee asks that the phrase, "as she shall by her last will appoint," be reformed
to read, "as she shall by her last will appoint, to or among, or in favor of or for the
benefit of, any person or persons, whether then or thereafter from time to time living
and comprised in the class consisting of her husband and all issue of hers, and in such
proportions if more than one as she shall so appoint."

[4]The trustee acknowledges that extrinsic evidence of the testator's intent is unavail-
able; however, we are satisfied, reading the document as a whole, that the testator
intended to transfer the trust property to his issue while minimizing adverse tax

testator's intent, both as reflected in the declaratory judgment and in the document creating the trust. In these circumstances the "trust instrument may be reformed to conform with the settlor's intent." *D'Amore* v. *Stephenson*, *ante* 1027 (2004). See *Berman* v. *Sandler*, 379 Mass. 506, 508 (1980). We remand the case to the Probate and Family Court for entry of a judgment reforming the trust as sought in the complaint. See note 3, *supra*. On remand, the probate judge may also consider whether, as the guardian ad litem suggests, some portion of the costs and expenses of this proceeding should be allocated to the trust's income rather than to its principal.

*So ordered.*

The case was submitted on briefs.

*Charles A. Rosebrock, Erik P. Bartenhagen, & Matthew J. Bresette* for the plaintiff.

consequences and, in this specific instance, to confer only a limited power of appointment on his daughter. The proposed reformation will ensure that the testator's intent is realized. See *Hillman* v. *Hillman*, 433 Mass. 590 (2001). See also *Riley* v. *Riley*, 434 Mass. 1021 (2001).

