RICHARD L. SEEGEL, executor,[1] & others[2] vs. ROBERTA N. MILLER & others.[3]

January 13, 2005. *Trust*, Marital deduction trust, Reformation. *Taxation*, Estate tax. *Will*, Construction.

The gravamen of this case is whether, in funding a testamentary marital trust for his wife, Leonard I. Miller (Leonard) "intended that his estate take advantage of the maximum marital deduction allowable under the Federal

---

[1]Of the estate of Leonard I. Miller.

[2]Richard L. Seegel and Samuel C. Miller, as trustees of The Leonard I. Miller Revocable Trust — 1996.

[3]Samuel C. Miller, Wendy N. Evans, Brian Newman, Richard L. Seegel, and Samuel C. Miller, trustees of The Leonard I. Miller Revocable Trust — 1996; Richard L. Seegel and Mark A. Derby, trustees of The Brian Newman Irrevocable Trust; Wendy N. Evans and Richard L. Seegel, trustees of The Laura Carroll Newman Trust — 1996; Wendy N. Evans and Richard L. Seegel, trustees of The Liza Paige Evans Trust — 1996; Wendy N. Evans and Richard L. Seegel, trustees of The Luke Ryan Evans Trust — 1997; Richard L. Seegel and Mark A. Derby, trustees of The Miller/Newman Grandchildren Trust; and the Commissioner of Internal Revenue. The commissioner has not appeared in this action.

estate tax law," *Putnam* v. *Putnam*, 366 Mass. 261, 262 (1974), while minimizing the amount of estate taxes due. As in the *Putnam* case, if we conclude that Leonard had such an intent, we must reconcile that intent with "a provision in his will [and provisions in the marital trust] which . . . places the burden on the marital trust to satisfy" tax obligations attributable to bequests made under the will and The Leonard I. Miller Revocable Trust — 1996 (revocable trust). *Id.*

Richard L. Seegel (Seegel) and Samuel C. Miller (Samuel), as trustees of the revocable trust, and Seegel, as executor of Leonard's estate, filed a complaint in the Probate and Family Court seeking reformation of Leonard's will and the revocable trust. A judge in the Probate and Family Court, on the plaintiffs' assented-to motion, reported the case to the Appeals Court. See G. L. c. 215, § 13; Mass. R. Civ. P. 64, as amended, 423 Mass. 1410 (1996). We granted Seegel's application for direct appellate review. See *Commissioner of Internal Revenue* v. *Estate of Bosch*, 387 U.S. 456, 465 (1967); *Walker* v. *Walker*, 433 Mass. 581, 582 (2001).

Leonard died testate in 1999, survived by his widow and Samuel, his son. Under the terms of his will, after certain specific bequests were made, the remainder of his estate was to pour over into the revocable trust, there to be divided between certain specific bequests, the marital trust and a family trust. With respect to tax allocation, the revocable trust provided that the family trust would be funded with the amount of Federal unified credit for gift and estate taxes (i.e., the "greatest amount which, after considering all available federal estate tax credits, will not increase the Settlor's federal estate tax"), 26 U.S.C. § 2010 (2000), and that amount then would be available for payment of estate taxes.

During Leonard's life, however, he made various gifts that absorbed the majority of the available unified credit for estate and gift taxes after his death. According to the complaint, the estate tax allocation clauses of the will and revocable trust were inadvertently written in light of Leonard's substantial inter vivos gifting, and have the unintended] "effect of substantially negating the intended benefits of the 'marital deduction' estate tax planning undertaken and desired by Leonard." The complaint prayed that the will and revocable trust be reformed such that the Federal estate tax burden will be "allocated to and payable proportionately among the assets and bequests resulting in the estate tax," and not from the marital trust. All of the parties, including those who will incur tax obligations pursuant to the proposed reformation, have assented to the requested relief. The plaintiffs allege that the requested reformation will result in substantially reduced over-all Federal and Massachusetts estate taxes.[4]

Our initial task is to construe Leonard's will.[5] "The fundamental object [in the construction of a will] is to ascertain the testator's intention from the whole instrument, attributing due weight to all its language, considered in light of the circumstances known to the testator at the time of its execution, and to give effect to that intent unless some positive rule of law forbids." *Hochberg* v. *Proctor*, 441 Mass. 403, 410 (2004), quoting *Flannery* v. *Mc-*

[4]We have not been informed of the status of any estate tax returns, or the Federal authorities' position with respect to them.

[5]Our law proscribes reformation of wills. *Flannery* v. *McNamara*, 432 Mass. 665, 673 (2000).

*Namara*, 432 Mass. 665, 667-668 (2000). In this case, a conflict between Leonard's expressed intent fully to utilize the marital deduction and to minimize the total tax burden on his estate, and the tax apportionment provision of the will (and the revocable trust) is apparent. We conclude that Leonard did intend to "take full advantage of the marital deduction," and to minimize taxes. *Putnam v. Putnam, supra* at 267. See, e.g., *Fleet Nat'l Bank v. Mackey*, 433 Mass. 1009, 1010 (2001) (reference to trust as " 'marital deduction' trust" reflects awareness of, and intent to minimize, Federal estate tax consequences).

Both the will and the trust contain various provisions directed at reducing or eliminating Federal estate or income taxes. Among other things, the will permits the executor to select an alternative valuation date, to disclaim property, to allocate Leonard's generation skipping tax exemption, to make a qualified terminable interest property election, and to treat the revocable trust as part of his estate. The revocable trust authorizes the trustees, for example, to create certain subtrusts and powers of appointment, designed to reduce generation skipping taxes. We have indicated before that "accomplishment of identifiable tax objectives may be an aid to the interpretation of a will." *Putnam v. Putnam, supra* at 268. In addition, we concluded that an expressed intention to pay certain taxes from a marital deduction trust could not "fairly be permitted to destroy [the testator's] clear and primary intent to utilize the marital deduction to its fullest," and directed that the tax apportionment provision be disregarded. *Id.* at 271. There, we noted that it "would be a rare case in which a conflict of terms or an ambiguity in a will should be resolved by attributing to the testator an intention which as a practical matter is likely to benefit the taxing authorities and no one else." *Id.* Those same observations are applicable here. Although Leonard's will directs that estate taxes be paid from the "residue of my estate as a whole," the effect of that provision, given the depletion of Leonard's unified credit, and the tax allocation provisions of the revocable trust, is to transfer the tax burden of specific bequests and Leonard's other assets to the marital trust, resulting in an increase in the over-all tax burden, as well as in a reduction in the amount of the marital trust.[6] See *First Nat'l Bank v. First Nat'l Bank*, 375 Mass. 121 (1978); P.M. Annino, Estate Planning § 14.10 (2d ed. 1997).

We are similarly persuaded that the revocable trust fails to comport with Leonard's intent to minimize the taxes attendant to his death, while maximizing the use of the "unlimited marital deduction." "A mistake by the settlor concerning the Federal estate and gift tax consequences of a provision of the trust justifies reformation." *Simches v. Simches*, 423 Mass. 683, 687 (1996). For the same reasons stated above, we are convinced that Leonard would have apportioned the taxes due to the assets creating the obligation, if he had understood the tax consequences of the provisions as drafted. *Id.*, citing *Berman v. Sandler*, 379 Mass. 506, 508-509 (1980) (established that consideration of tax consequences appropriate when inferring intent). See *Fleet Nat'l Bank v. Wajda*, 434 Mass. 1009, 1010-1011 (2001) (reforming trust to reallocate estate tax obligation). Indeed, "[i]n the area of trusts and estates, the reduction

---

[6]In this case, the parties represent that if the taxes are paid out of the marital trust, $1,222,625 will be due and the trust will be diminished in that amount. If the tax allocation is based on nonmarital deduction assets, the estate tax is $587,925, and the marital trust is not diminished.

of taxes is often not just a factor affecting intent, but rather the overriding purpose of the entire transaction." *Simches* v. *Simches, supra* at 688.

Having concluded that Leonard's intent was to maximize use of the unlimited marital deduction and to minimize the total tax burden on his taxable estate, "our task is . . to carry out [his] over-all intent, rendering ineffective any conflicting provision in [his will and trust] to the extent necessary in order to fulfil that over-all intent." *Id.*, quoting *Putnam* v. *Putnam, supra* at 270. We therefore remand the case to the Probate and Family Court for entry of a decree (1) declaring that the first clause of the will, insofar as it is inconsistent with Leonard's intent as set forth above, and the revocable trust as reformed herein, is ineffective; (2) reforming the revocable trust as requested in exhibit H of the complaint; and (3) providing that such relief is effective as of October 19, 1999. See *Fleet Nat'l Bank* v. *Wajda, supra* at 1011 (reformation effective as of date trust instrument executed).

*So ordered.*

· The case was submitted on briefs.

*David M. Lipshutz & Don J.J. Cordell* for the plaintiff.