*Dwayne M. Cruthird,* pro se.

*Pierce O. Cray,* Assistant Attorney General, for the defendant.

FIDUCIARY TRUST COMPANY, trustee,[1] *vs.* ROBERT H. Gow & others.[2] March 30, 2005. *Trust,* Reformation, Settlor.

In *Fiduciary Trust Co.* v. *Gow,* 440 Mass. 1037 (2004), we denied without

---

[1]Of the Ralph F. Gow Revocable Trust.

[2]Carole Gow; Barbara Gow Yeager; George Yeager; Laura Gow Neese; David Gow;

prejudice the trustee's request to reform the subject trusts because the record contained insufficient proof of the settlors' intent. We noted that the trustee had failed to supply the court with materials identified in our order granting its applications for direct appellate review, and we noted other errors in the record and brief.[3] The trustee has since supplemented the record with affidavits, and presently seeks the same relief requested previously. These cases are again before the court on the trustee's applications for direct appellate review, following their report to the Appeals Court by the Probate and Family Court.

What is different in this iteration is the inclusion of four affidavits (from the trustee's account officer, the settlors' adult children, and their son-in-law) detailing the Gows' tax-related intentions in designing their estate plan and conducting their affairs, as well as other evidence that they intended that their assets be "administered in a way that enriches [their] family rather than the Federal tax gatherers." *BankBoston* v. *Marlow*, 428 Mass. 283, 286 (1998). This evidence of the settlors' intent could have been presented to the court before, and ought to have been. See *Lordi* v. *Lordi*, *ante* 1006, 1007 n.8 (2005), quoting *Walker* v. *Walker*, 433 Mass. 581, 582 n.5 (2001) (requiring "a full and proper record — making manifest 'the requisite degree of proof' concerning the settlor's intent — must be present. Where a record contains insufficient proof, parties should expect that their request for reformation will be denied"). The proposed reformation consists of splitting each trust into two subtrusts for Federal generation skipping tax purposes, a type of reformation that we have described as "minimal compared to what has been approved in other cases." *Fleet Nat'l Bank* v. *Mackey*, 433 Mass. 1009, 1010 n.11 (2001). Given the evidence of the Gows' tax consciousness now present in the record, we conclude that reformation is appropriate to reflect the Gows' intent. See *Fleet Nat'l Bank* v. *Marquis*, 437 Mass. 1010, 1012 (2002); *BankBoston* v. *Marlow*, *supra* at 285.

A judgment shall be entered in the Probate and Family Court reforming the Ralph F. Gow Revocable Trust and the Eleanore L. Gow Revocable Trust to authorize the trustee to divide and administer the trusts, as proposed. That court shall also enter such further provisions in the judgment to the extent necessary to fulfil the purposes of the trusts as reformed.

*So ordered.*

*Patricia L. Davidson* for the plaintiff.


[3]David Gow's assent, noted as missing in *Fiduciary Trust Co.* v. *Gow*, 440 Mass. 1037, 1038 n.6 (2004), was belatedly supplied to the court after the cases were again reported by the Probate and Family Court.