STATE STREET BANK AND TRUST COMPANY & others,[1] trustees,[2] *vs.* NANCY B. ALDEN & others.[3] July 11, 2005. *Trust,* Reformation.

The trustees of the William C. Alden 1973 Trust (trust)[4] commenced this action in the Berkshire Division of the Probate and Family Court, seeking reformation of the trust in order to effectuate the settlor's alleged intent to minimize taxes on his and his widow's estates. The defendants are certain named beneficiaries, as well as the acting Commissioner of Internal Revenue, who has neither appeared nor participated in the case. A judge in the Probate and Family Court reserved and reported the case to the Appeals Court, and we granted the trustees' application for direct appellate review. Having reviewed the trustees' submissions and heard argument from counsel, we conclude that the requested reformation must be denied without prejudice.

As originally executed in February, 1973, the trust was silent as to the governing law, but the settlor amended the trust in December, 1973, to provide that "[t]he laws of the State of Vermont shall govern the interpretation of this

---

[1]George T. Smith and Nancy B. Alden.

[2]Of the William C. Alden 1973 Trust.

[3]Cornelia D. Alden; Seth A. Alden; James C. Alden; Julia D. Dee, also known as Julia A. Dee; Todd H. Alden; and the acting Commissioner of Internal Revenue.

[4]The trust document refers to the trust as The 1973 William C. Alden Trust.

instrument." The trustees represent that under Vermont law (unlike Massachusetts law, see *Dana* v. *Gring*, 374 Mass. 109, 117-118 [1977]), the trust would likely be interpreted to give the settlor's widow a general power of appointment not limited by any ascertainable standard related to her health, support, education, or maintenance. The value of assets subject to such a general power of appointment is included in the holder's (i.e., the widow's) taxable estate. 26 U.S.C. § 2041 (2000). The requested reformation is intended to avoid this result.

The trustees request, as one alternative, that we reform the choice of law provision to provide that the trust be governed by Massachusetts law. However, on the record before us, the trustees have not shown by clear and decisive proof that the Vermont choice of law provision "fails to embody the settlor's intent because of scrivener's error." *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). While the drafting attorney's affidavit states that the settlor's intent was to minimize his own and his wife's estate taxes and denies that the settlor intended that "any difference between the law of Massachusetts and Vermont . . . would result in the inclusion of the [r]esiduary [t]rust in his widow's taxable estate," it does not convince us that the settlor actually intended Massachusetts law (or, indeed, the law of any State other than Vermont) to govern the trust. Nothing in the affidavit contradicts the apparent fact that the settlor deliberately chose Vermont law. Accordingly, we will not reform the choice of law provision.[5]

The trustees alternatively suggest that we reform the trust in other ways, the intended result being that the widow's power of appointment would be limited by an ascertainable standard as described above, or that any distributions to provide for her happiness would be made only by disinterested trustees. Because the trust is governed by Vermont law, we doubt that any attempt on our part to reform it would be binding on the Federal taxing authorities. *Commissioner of Internal Revenue* v. *Estate of Bosch*, 387 U.S. 456, 465 (1967) (Internal Revenue Service not bound by decisions on issues of State law other than those of State's highest court). In the absence of anything to indicate that a reformation by us would be anything other than futile, we decline to make such a reformation.[6]

A judgment shall be entered in the Probate and Family Court denying the requested reformation of the trust, without prejudice to the parties' right to seek reformation in Vermont or to take such other steps as are consistent with this opinion.

*So ordered.*

*Jordana B. Glasgow* for the plaintiffs.

---

[5]Reformation of a choice of law provision, even one that is clearly the result of a scrivener's error, would change the body of law applicable to every provision of a trust instrument. This could have far-reaching ramifications, particularly where, as here, the trust has been in operation for many years. Because the record in this case does not establish that the choice of Vermont law was a scrivener's error, we need not decide whether and in what circumstances a choice of law provision might be reformed.

[6]This case is unlike *Kaufman* v. *Richmond*, 442 Mass. 1010 (2004), in which we applied Massachusetts law to reform an instrument disclaiming an interest in Florida property. Nothing in the *Kaufman* case suggests that the disclaimer contained an explicit choice of law provision.