CHARLES INDERIEDEN, trustee,[1] & others[2] *vs.* HUGH RAYMOND DOWNS & others.[3]
September 21, 2005. *Trust,* Reformation, Taxation. *Taxation,* Trust.

The plaintiffs are the trustee and settlors of the Hugh M. and Ruth S. Downs Irrevocable Trust. They commenced this action in the Probate and Family Court seeking to reform the trust in order to permit the trustee to divide the trust into two or more subtrusts, for the purpose of minimizing the consequences of the generation skipping transfer tax.[4] It would be a relatively innocuous change — a type we have allowed on many occasions in the past. It would "neither change[] the identity of any beneficiary nor alter[] any beneficial interest." *BankBoston* v. *Marlow*, 428 Mass. 283, 286 (1998). It would be a mere "fine tuning of the administration of the trust[] . . . in order to reduce, if not eliminate, the application of the" tax. *First Agric. Bank* v. *Coxe*, 406 Mass. 879, 883 n.6 (1990). See, e.g., *Fiduciary Trust Co.* v. *Gow*, 443 Mass. 1017 (2005); *England* v. *Decker*, 441 Mass. 1013 (2004); *Fleet Nat'l Bank* v. *Kahn*, 438 Mass. 1004 (2002); *Fleet Nat'l Bank* v. *Marquis*, 437 Mass. 1010 (2002); *Riley* v. *Riley*, 434 Mass. 1021 (2001); *Fleet Nat'l Bank* v. *Mackey*, 433 Mass. 1009 (2001).

The probate judge reported the case to the Appeals Court. See G. L. c. 215, § 13; Mass. R. Civ. P. 64, as amended, 423 Mass. 1410 (1996). We granted the plaintiffs' application for direct appellate review. The record before us — which includes undisputed facts, affidavits from both settlors, written assents from the other named beneficiaries, and a favorable report from a guardian ad litem on behalf of unborn and unascertained beneficiaries — furnishes the requisite degree of proof that the reformation is warranted. The settlors had an intent to minimize the tax consequences to their estates, and the failure to appreciate how the generation skipping transfer tax applies to their situation was, most certainly, a mistake.

A judgment shall enter in the Probate and Family Court reforming the trust, so as to allow the trustee to divide the trust into two or more separate trusts as requested; the judgment shall also include such further provisions as are appropriate to fulfil the purposes of the division. The plaintiffs, apparently in response to concerns expressed by the Commissioner of Internal Revenue,

[1]Of the Hugh M. and Ruth S. Downs Irrevocable Trust dated March 7, 1996.

[2]Hugh M. Downs and Ruth S. Downs.

[3]Deirdre Downs, Cameron Black, Lia Harb, the Commissioner of Internal Revenue, and the unborn and unascertained beneficiaries of the trust.

[4]The plaintiffs initially also sought to reform the trust in a second respect, to permit the trustee to "change the situs of the trust or the substantive state law applicable thereto, or both." They have since withdrawn that request. The trust instrument expressly states that the trust is to be governed by Massachusetts law.

have specifically requested that we limit the reformation so that it is "prospective from the date of entry of judgment" in the Probate and Family Court. The judgment shall so indicate.

*So ordered.*

The case was submitted on briefs.

*Mark S. Gold* for the plaintiff.