IN THE MATTER OF THE ESTATE OF CAROLINE LUNT. January 12, 2007. *Trust,* Reformation, Taxation. *Taxation,* Trust, Generation skipping transfer tax.

The executor of the estate of Caroline Lunt, who is also a trustee of the Caroline R. Lunt Trust (trust), commenced this action in the county court, seeking to reform the trust in order to permit the division of the trust into two or more subtrusts for the purpose of minimizing the consequences of the generation skipping transfer tax. The single justice reserved and reported the case to the full court.

As we have said before, this "would be a relatively innocuous change — a type we have allowed on many occasions in the past. It would 'neither change[] the identity of any beneficiary nor alter[] any beneficial interest.' *BankBoston* v. *Marlow,* 428 Mass. 283, 286 (1998). It would be a mere 'fine tuning of the administration of the trust[] . . . in order to reduce, if not eliminate, the application of the' tax. *First Agric. Bank* v. *Coxe,* 406 Mass. 879, 883 n.6 (1990)." *Inderieden* v. *Downs,* 445 Mass. 1011, 1011 (2005), and cases cited.

As originally submitted to us, however, the record contained significant gaps, needlessly delaying the resolution of this matter. First, although the facts recited in the complaint stated that the trust had been amended five times, we were provided with only two of the documents amending the trust.[1] Second, it was unclear in the record whether the beneficiaries had an opportunity to state any objections to the proposed reformation or had assented to the facts alleged in the complaint and to the relief sought. Third, it was unclear whether a cotrustee of the trust joined in the request for reformation. In an unpublished order, we directed the executor to submit all documents amending the trust, as well as proof that all interested parties assent to the facts and do not object to the relief requested. The executor has submitted all the trust documents as directed, and nothing in them affects the proposed reformation. See note 1, *supra.* He has also submitted statements signed by the cotrustee and each beneficiary (or a person holding power of attorney for a beneficiary) assenting

---

[1]This omission was of particular concern because it appeared that the settlor moved to another State after the trust was originally drafted, raising the possibility that the trust had been amended to provide that it was governed by the laws of that State. See *State St. Bank & Trust Co.* v. *Alden,* 444 Mass. 1011, 1012 (2005) (proposed reformation of trust governed by Vermont law would have been "futile"). The missing documents might also have contained some other provision affecting the proposed reformation. See *Florio* v. *Florio,* 445 Mass. 1004 (2005) (noting that supplemental documents provided by plaintiff at court's request, which were not included in record initially presented to court, demonstrated that facts were other than as alleged).

to the reformation of the trust. Despite the clear language of our order, the statements do *not* state that any party assents to the underlying facts. Nonetheless, in the very limited circumstances of this case, where the nature of the proposed reformation is "relatively innocuous," *BankBoston* v. *Marlow, supra,* and there is other evidence in the record of the settlor's intent (particularly, an affidavit of an attorney who represented the settlor and assisted in the creation of the trust), we are satisfied that "the settlor[] had an intent to minimize the tax consequences to [her] estate[]." *Inderieden* v. *Downs, supra.* The reformation is therefore warranted.

A judgment shall enter in the county court reforming the trust as requested in the complaint.

*So ordered.*

The case was submitted on briefs.

*Michele J. Feinstein* for Caroline Lunt.