# RESCRIPT OPINIONS.

JOAN R. REYNOLDS & another,[1] trustees,[2] vs. JOAN R. REYNOLDS[3] & others.[4] December 29, 2004. *Trust,* Reformation. *Taxation,* Estate tax.

This is an action by the trustees of the Frederick L. Reynolds Revocable Trust (trust) to reform the trust instrument. The action was commenced in the county court, and a single justice of this court reserved and reported the case to the full court without decision.

As explained more fully below, the trustees seek to reform the trust by revising the funding formula for two subtrusts. The trustees contend that reformation is necessary to effectuate the settlor's intent to minimize that portion of his estate subject to Federal and Massachusetts estate taxes. The parties assert that the trust contains a scrivener's error that, in the absence of reformation, will result in the imposition of taxes on the estate of the settlor's spouse, which the settlor intended to avoid to the extent possible.[5]

*Facts.* The trust was established in 1994, as part of a general estate plan prepared for the settlor and his spouse, pursuant to which they each executed identical sets of estate planning documents prepared by counsel. Each set of documents included a pour-over will, a revocable living trust, a durable power of attorney, and an irrevocable insurance trust. The trust instrument for the settlor's revocable living trust provides that the trust was revocable during the settlor's lifetime and became irrevocable on his death. The settlor died on February 16, 2003.

---

[1]Fidelity Personal Trust Company, FSB.

[2]Of the Frederick L. Reynolds Revocable Trust.

[3]Individually and as executrix of the estate of Frederick L. Reynolds.

[4]Matthew Reynolds; Victoria Reynolds; Erica Hager; Frederick L. Reynolds, Third; Daniel Reynolds and Nathan Reynolds, through their next friend, Matthew Reynolds; Frederick L. Reynolds, Fourth, Teale M. Reynolds and Mia Reynolds, through their next friend, Frederick L. Reynolds, Third; Sophia Hager and Phoebe Hager, through their next friend, Erica Hager; Commissioner of Internal Revenue; and Commissioner of Revenue. The Commissioners of Internal Revenue and the Department of Revenue have been served, but have not appeared.

[5]All adult beneficiaries of the trust, both in their own behalf and in behalf of their minor children (also beneficiaries), assent to the relief sought by the trustees. The trustees have filed a motion to waive appointment of a guardian ad litem to represent the interests of the minor beneficiaries, as well as any unborn or unascertained beneficiaries. That motion shall be allowed because the requested reformation will have no impact on the respective interests of the beneficiaries in the trust; the reformation will increase the value of all beneficial interests; and there appears to be no possible conflict in the interests of the adult beneficiaries and those of the minors, unborn and unascertained.

Under the terms of the trust, after the settlor's death, the assets held by the trust were to be allocated to two subtrusts according to a formula set out in Item Seven, paragraph (a). The subtrusts are a marital deduction trust, of which the settlor's widow, Joan, is the sole beneficiary; and a residuary family trust, of which Joan is a beneficiary and the settlor's children and grandchildren are contingent remainder beneficiaries. At issue is whether the formula, as drafted, properly effectuates the settlor's intentions.[6]

*Discussion.* Reformation of a trust instrument due to a claimed scrivener's error calls for clear and decisive proof that the instrument, as written, fails to embody the settlor's intent. *Walker* v. *Walker,* 433 Mass. 581, 587 (2001). See *Berman* v. *Sandler,* 379 Mass. 506, 509-510 (1980) (allowing reformation of trust to permit effectuation of settlor's intent to utilize Federal estate tax marital deduction fully). We have considered extrinsic evidence, such as an attorney's affidavit, that demonstrates that there has been a mistake. *Walker* v. *Walker, supra.* Indeed, we have observed that "the crucial evidence of intent and mistake may well be available from the lawyer who drafted (or misdrafted) the instrument." *Putnam* v. *Putnam,* 425 Mass. 770, 772 (1997). This is such a case.

Here, the record contains, in addition to the trust instrument itself, affidavits from the settlor's spouse, Joan, and from the attorney who prepared the trust instrument and related estate planning documents in 1994. Together, the evidence indicates that the settlor intended that the marital trust and the residuary family trust be funded in a fashion that would minimize the estate's over-all exposure to Federal and State taxation. The attorney who drafted the trust and related documents specifically states in his affidavit that his intent was to draft the instrument so that at the settlor's death, the marital trust would be funded with the maximum marital deduction necessary to avoid both Federal and Massachusetts estate taxes *after* allocating to the residuary family trust that amount of trust property eligible to pass free of Federal and Massachusetts estate taxes.

The effect of the use of the word "greater" in the formula (see note 6, *supra*) for determining how the marital trust and residuary family trust would be funded at the settlor's death, however, is to cause the marital trust to be

---

[6]As drafted, the formula by which the amount to be placed into the marital trust on the settlor's death is determined provides, in relevant part:

"*ITEM SEVEN*:

"(a) Upon the death of the Settlor . . . the Trustees shall set aside an amount which, after taking into account all other interests which pass or have passed to the Settlor's spouse other than under this instrument and which qualify for the respective estate tax marital deductions, shall be necessary to obtain the *greater* of (i) the maximum marital deduction allowable to the Settlor's estate for Federal and Massachusetts estate tax purposes . . . or (ii) the minimum marital deduction allowable to the Settlor's estate for Federal and Massachusetts estate tax purposes which shall be necessary to eliminate any Federal and Massachusetts estate tax with respect to the Settlor's estate (after taking into account all available credits and deductions, but excluding any generation-skipping transfer of which the Settlor may be the deemed transferor" [emphasis added]).

The trustees seek to reform the trust by substituting the word "lesser" for the word "greater" in this section of the trust.

funded with the entire trust property as marital deduction property, leaving nothing to fund the residuary family trust. This, notwithstanding that it appears that a substantial amount of trust property could pass to the residuary family trust free of estate tax and not thereafter be included in the taxable estate of the settlor's wife.[7] This plainly conflicts with the settlor's express intention that the trust operate in a fashion that minimizes taxes.

As the parties point out, if the settlor intended that the marital trust be funded with all of the trust's assets at his death, there was no need to provide a residuary trust mechanism in the trust instrument. Moreover, as noted above, funding the marital trust in this fashion exposes the settlor's spouse's estate to a greater potential tax burden than would be the case if the residuary trust is funded appropriately. These results are inconsistent with the settlor's clear intention to minimize, to the extent possible, the taxes payable by his estate.

When the trust instrument is considered as a whole in light of the circumstances known to the settlor on its execution, *Pond* v. *Pond*, 424 Mass. 894, 897 (1997), it becomes clear that the trustees seek to correct a mere error in drafting the formula, that, if not reformed, would frustrate one of the central purposes of the trust as an estate planning instrument and render other of its provisions superfluous. As the trustees point out, simply substituting the word "lesser" for the word "greater" (the scrivener's error) in Item Seven, paragraph (a), of the trust instrument rectifies this problem, and implements the settlor's intention to reduce the tax burden on his estate.

We therefore remand this case to the county court for entry of a judgment reforming Item Seven, paragraph (a), of the Frederick L. Reynolds Revocable Trust in conformance with this opinion.

*So ordered.*

The case was submitted on briefs.
*Janet M. Smith* for the plaintiffs.

---

[7]See G. L. c. 65C, § 2A (*e*), as appearing in St. 2002, c. 364, § 10 (setting exemption amounts for Massachusetts estate tax at amounts in effect for Federal estate tax as in effect as of December 31, 2000); 26 U.S.C. § 2011 (2000 & Supp. II 2002). We take no view as to whether the proposed reformation will be viewed by Federal or State tax authorities as having the effect the trustees contend it will have.