LILLIAN R. FREEDMAN, settlor,[1] & others[2] *vs.* LILLIAN Z. FREEDMAN, trustee,[3] & others.[4] September 20, 2005. *Trust,* Reformation, Taxation, Settlor. *Taxation,* Estate tax, Trust.

Lillian R. Freedman, settlor of three interrelated grantor retained annuity trusts (GRATs), and her two sons, cotrustees of the trusts (plaintiffs), commenced this action in the county court, seeking reformation of the trusts. A single justice of this court reserved and reported the case to the full court.

The settlor's family operates a residential real estate business that is organized in two limited liability corporations (LLCs). In order to transfer the business to her sons with a minimum of Federal estate tax consequences, the settlor, in 2001, established three GRATs, for terms of five, ten, and fifteen years, and transferred controlling interests in the LLCs to the GRATs. Pursuant to Article 3.2.1 of each GRAT, the settlor retains the power to appoint successor trustees. The plaintiffs believe that, in light of a 2003 United States Tax Court decision construing I.R.C. § 2036(a)(2) (2000), the settlor's power to appoint successor trustees might make the GRATs' assets includable in her gross estate for Federal estate tax purposes if she dies prematurely (before the expiration of one of the GRATs), thus frustrating her intent to minimize her estate taxes.[5] See *Estate of Strangi* v. *Commissioner of Internal Revenue*, 85 T.C.M. 1331 (CCH 2003), aff'd, 417 F.3d 468 (5th Cir. 2005). In *Strangi*, the decedent had established a family limited partnership in order to transfer

---

[1]And current beneficiary of the Lillian R. Freedman Five-Year Retained Interest Trust, the Lillian R. Freedman Ten-Year Retained Interest Trust, and the Lillian R. Freedman Fifteen-Year Retained Interest Trust (GRATs).

[2]Daniel Isaac Freedman and Joshua David Freedman, cotrustees of the GRATs.

[3]Of the Freedman Revocable Trust.

[4]Daniel Isaac Freedman and Joshua David Freedman, as contingent remaindermen of the GRATs, and the United States of America. The United States of America did not appear.

[5]Internal Revenue Code § 2036 (2000) provides, in pertinent part:

> "(a) General rule — The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer . . . by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death . . . (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom."

property to family members with a minimum of Federal estate tax consequences. *Id.* at 1332-1335. The court held, among other things, that because the decedent retained, with others, the power to determine income distributions from the partnership, the property was, pursuant to I.R.C. § 2036(a)(2), includable in the decedent's gross estate for tax purposes. *Id.* at 1340-1343. No other court has addressed *Strangi*'s analysis of I.R.C. § 2036(a)(2). Some scholars have discussed possible implications of *Strangi* generally but not its application specifically to the kinds of facts involved here. See, e.g., Ruttenberg, The Tax Court's Execution of the Family Entity: The Tax Court's Application of Internal Revenue Code Section 2036(a) to Family Entities, 80 N.D. L. Rev. 41 (2004); Korpics, The Practical Implications of Strangi II for FLPS — A Detailed Look, 99 J. Tax'n 270 (2003). In any event, the plaintiffs believe that, in light of *Strangi*, the settlor could be deemed to have the right, in conjunction with her sons, to direct the amount and timing of distributions from the LLCs to her sons, and thus, under I.R.C. § 2036(a)(2), the GRATs' interest in the LLCs might be includable in the settlor's gross estate if she dies before one of the GRATs expires. The plaintiffs therefore request that we reform the GRATs by deleting Article 3.2.1 from each GRAT and replacing it with a new provision that removes the settlor's power of appointment and gives that power to her sons.

We may reform a trust instrument to conform to the settlor's intent. *Walker v. Walker*, 433 Mass. 581, 587 (2001), and cases cited.[6] We require proof, however, of the settlor's intent at the time he or she created the trust. Here, there is no question about the settlor's intent — in the plaintiffs' verified complaint, the settlor averred that her intent in creating the GRATs was to transfer the family business to her sons with a minimum of estate tax consequences. In fact, a GRAT is typically used for just such a purpose. See Akers, Going the Extra Mile with GRATs — Reflections on Optimal Planning Strategies, 18 Prob. & Prop. 24, 24 (Nov./Dec. 2004). Moreover, all parties (except the United States of America) assent to the relief sought. As to whether the reform the plaintiffs seek would in fact make a difference to the settlor's estate tax liability, i.e., whether the *Strangi* case would apply to the trust arrangement involved here, "we make no judgment as to the actual tax implications of the [trusts] as reformed but simply reform [the trusts] to effectuate the [settlor's] intentions at the time she established [the trusts]." *Shawmut Bank, N.A. v. Buckley*, 422 Mass. 706, 714 (1996). Accord *Pond v. Pond*, 424 Mass. 894, 899 n.11 (1997). Cf. *Billings v. Fowler*, 361 Mass. 230, 233-234 (1972) ("estate planning interest is sufficient to permit declaratory relief"). It is sufficient for our purposes that the plaintiffs' view is plausible.

We remand the case to the county court for entry of a judgment reforming the trusts as proposed in paragraph 30 of the complaint.[7] The plaintiffs, apparently in response to concerns expressed by the United States Department of

---

[6]We have sometimes reformed a trust in light of a change in the law that frustrates a settlor's intent to minimize his or her tax liability. See *BankBoston v. Marlow*, 428 Mass. 283 (1998) (reformed trust in light of enactment of generation skipping tax). Accord *Fleet Nat'l Bank v. Mackey*, 433 Mass. 1009, 1010 n.9 (2001).

[7]The plaintiffs assert that no guardian ad litem is necessary to represent the interests of unborn or unascertained beneficiaries because the proposed reformation would not

Justice, have indicated that they seek relief prospectively from February 28, 2005. The judgment shall so indicate.

*So ordered.*

The case was submitted on briefs.

*Morris Robinson & Peter W. KortKamp* for the plaintiffs.

substantively alter the rights of any beneficiaries. After reviewing the record, we agree. See *Reynolds* v. *Reynolds*, 443 Mass. 1001, 1001 n.5 (2004).

