STUART E. GRASSIAN, trustee,[1] *vs.* ALEXANDRA ROSE GRASSIAN & others.[2] October 14, 2005. *Trust,* Reformation.

Stuart E. Grassian, trustee of the Nancy Friedman Revocable Family Trust of 1995 (trust), commenced this action in the county court, seeking reforma-

---

[1]Of the Nancy Friedman Revocable Family Trust of 1995.

[2]Danielle Leigh Grassian, Benjamin David Grassian, Stuart E. Grassian, the Commissioner of Revenue, and the Commissioner of Internal Revenue.

tion of the trust. A single justice of this court reserved and reported the case to the full court.

The facts are not in dispute.[3] The settlor, Nancy Friedman, executed the trust as part of her estate plan in 1995. Her intent in doing so was, according to the drafting attorney's affidavit, "to avoid paying taxes unnecessarily and to minimize and if possible eliminate the federal and state estate taxes payable upon either of [her or her husband's] deaths to the extent permissible by law." The trust provides that if the settlor died before January 1, 1997, survived by her spouse, a portion of the trust assets was to be allocated to a subtrust (Trust A) intended to qualify as a qualified terminable interest property (QTIP) trust under 26 U.S.C. § 2056(b)(7) (2000). The balance of the assets was then to be allocated to a subtrust intended to qualify as a marital deduction trust (Trust Q). All assets allocated to Trust A and Trust Q were intended to pass free of both Federal and Massachusetts estate taxes. The trust further provides that if the settlor died on or after January 1, 1997, Trust A would not be funded; in that situation, a portion of the assets would be allocated to Trust Q and the balance of the assets to a subtrust intended to qualify as a Federal credit shelter or bypass trust (Trust B). Trust B was intended to hold assets equal to the settlor's unused Federal exemption.

The trust was structured in this way because, at the time of execution, a relevant change in Massachusetts law was expected to take effect on January 1, 1997. Effective that date, Massachusetts imposed a so-called "sponge tax" on estates of decedents valued over the Federal exemption in the year of death. Under the sponge tax system, if any Federal estate tax was due, the Federal government directed a percentage of the Federal estate tax dollars to Massachusetts. If no Federal estate tax was due, then no Massachusetts estate tax was due. Trust A was meant to address the possibility that the settlor might die before the sponge tax system took effect. Trust Q, and not Trust A, was to be funded if the settlor died after the sponge tax system was in place.

The settlor died on February 27, 2004, survived by her husband and three children, all of whom are beneficiaries of the trust.[4] Unknown to the settlor, effective January 1, 2003, the sponge tax system was eliminated in Massachusetts. G. L. c. 65C, § 2A, as appearing in St. 2002, c. 364, §§ 10, 23, 24, and St. 2002, c. 186, §§ 28, 34 (the 2002 amendments). As a result of the 2002 amendments, the settlor's estate owes approximately $64,400 in Massachusetts estate taxes. The trustee requests that the trust be reformed essentially to provide that Trust A be funded not only if the settlor had died

---

[3]The beneficiaries have admitted the facts alleged in the complaint and have assented to the relief requested. The Commissioner of Revenue has filed an appearance, but has not filed an answer to the complaint or a brief in this court. The Commissioner of Internal Revenue has neither appeared nor participated in the case.

[4]Two of the children were minors at the time of the settlor's death. The trustee and the Commissioner of Revenue have jointly moved to waive appointment of a guardian ad litem. They assert that the proposed reformation would not alter any beneficial interests in the trust. Although we have stated a general preference for having a report of a guardian ad litem on behalf of minor, unborn, and unascertained beneficiaries in cases such as this, see *Fiduciary Trust Co.* v. *Gow*, 440 Mass. 1037, 1038 n.7 (2004), *S.C.*, 443 Mass. 1017 (2005), we agree, after reviewing this record, that no guardian ad litem is necessary in the circumstances of this particular case. See *Reynolds* v. *Reynolds*, 443 Mass. 1001, 1001 n.5 (2004).

before January 1, 1997, but also if she died after December 31, 2002 (as she in fact did). We agree that the trust should be reformed as requested.

We may reform a trust instrument to conform to the settlor's intent. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001). We have reformed trusts in light of a change in the law that frustrates a settlor's intent to minimize his or her tax liability. See *Freedman* v. *Freedman, ante* 1009, 1010 & n.6 (2005); *BankBoston* v. *Marlow*, 428 Mass. 283, 285 (1998). We require clear and decisive proof that the instrument fails to embody the settlor's intent. *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). Here, the settlor's intent to minimize or eliminate estate taxes is clear from the trust instrument as well as from the drafting attorney's affidavit. The structure of Trusts A, B, and Q — in particular, the changes in whether and how these subtrusts were to be funded depending on whether she died before or after January 1, 1997 — shows her intent to minimize taxes even in light of anticipated changes in the tax laws. The 2002 amendments frustrate this intent.

We remand the case to the county court for entry of a judgment reforming the trust as proposed in the complaint.

*So ordered.*

The case was submitted on briefs.

*Ann P. Hochberg, Neil L. Cohen, & J. James Park* for the plaintiff.