HENRY F. McCANCE & others,[1] trustees,[2] *vs.* HENRY F. McCANCE & others.[3]

June 22, 2007. *Trust,* Reformation, Charitable trust. *Taxation,* Trust.

The trustees of The McCance Charitable Remainder Trust (trust) commenced this action in the Probate and Family Court, seeking reformation of the trust. The facts being undisputed, a probate judge reserved and reported the case to the Appeals Court for decision. This court granted an application for direct appellate review. We grant the requested reformation.

The facts are undisputed. The trust was created by Henry F. McCance (settlor or Mr. McCance) in 1994. It is a charitable remainder unitrust, as that term is defined in the Internal Revenue Code. 26 U.S.C.A. § 664 (d)(2) (West Supp. 2007). Mr. McCance is an income beneficiary of the trust, and his wife, Allison J. McCance, is a contingent income beneficiary. Article 3 of the trust is a spendthrift provision, providing:

> "None of the income or principal that any person shall be entitled to receive under this indenture shall be assignable, nor shall any income or principal be subject to the claims of any creditor or representative of creditors."

Early drafts of the trust instrument, which were not executed, included an acceleration provision that would have permitted Mr. and Mrs. McCance voluntarily to transfer their respective current and contingent income interests to The McCance Foundation (foundation) during their lives (and did not include the foregoing spendthrift provision).[4] However, the settlor's advisors became concerned as to the availability of a gift tax deduction in such circumstances. The drafter of the trust, an attorney, removed the acceleration provision because of these concerns, not because of any change in Mr. McCance's desire to retain the right to assign his interest to charity during his life. After the trust was executed, the Internal Revenue Service issued a private letter ruling resolving

---

[1]Allison J. McCance and Keith S. Jennings.

[2]Of The McCance Charitable Remainder Trust dated December 21, 1994.

[3]Allison J. McCance, The McCance Foundation, the Attorney General, and the Commissioner of Internal Revenue. The Attorney General has assented to the relief requested. The Commissioner has not participated in the case.

[4]The foundation is a charitable trust under 26 U.S.C.A. § 501 (c)(3) (West Supp. 2007) and a private foundation under 26 U.S.C.A. § 509 (a) (West Supp. 2007).

1028                449 Mass.

Rescript Opinions.

the issue in favor of a taxpayer in substantially Mr. McCance's circumstances.[5] The proposed reformation, while it would not restore the acceleration provision, would rewrite Article 3 to restore Mr. and Mrs. McCance's ability to make voluntary transfers to the foundation during their lives. In an affidavit, Mr. McCance attests that, as settlor, he has always intended that he and Mrs. McCance would have this ability. If the reformation is granted, Mr. and Mrs. McCance intend to use this ability to assign their income interests to the foundation.

We may reform a trust to conform to the settlor's intent. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. We require clear and decisive proof that the instrument fails to embody the settlor's intent. *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). We have occasionally also reformed trusts in light of a change in the law that frustrates a settlor's intent to minimize his or her tax liability. See *Grassian* v. *Grassian*, 445 Mass. 1012, 1014 (2005); *Freedman* v. *Freedman*, 445 Mass. 1009, 1010 & n.6 (2005); *BankBoston* v. *Marlow*, 428 Mass. 283, 285 (1998). Here, both the settlor and the drafting attorney have submitted affidavits showing that the settlor intended at all times that he and Mrs. McCance would have the ability to make voluntary transfers to the foundation during their lifetimes. The trust as executed does not conform to this intent. The private letter ruling was, in effect, a change in the law that altered the tax consequences of the trust.

The case is remanded to the Probate and Family Court, where a judgment shall enter reforming the trust as requested in the complaint.

*So ordered.*

The case was submitted on briefs.

*Charles A. Cheever, Joshua S. Miller, & Kelly M. Townsend* for the plaintiffs.

---

[5]The private letter ruling states that it is nonprecedential. The parties nonetheless assume that the Internal Revenue Service would treat Mr. McCance's case in the same way. See *Freedman* v. *Freedman*, 445 Mass. 1009, 1010 (2005).