WALTER A. WRIGHT, THIRD, & another,[1] trustees,[2] *vs.* HANNAH WEBER & others.[3] May 23, 2002. *Trust,* Reformation, Settlor, Taxation. *Taxation,* Trust, Gift tax.

A judge in the Probate and Family Court reported this case to the Appeals Court for determination, and we granted the parties' joint application for direct appellate review. The plaintiffs seek to reform the Lawrence Weber Irrevocable Trust in order better to serve the settlor's intent of minimizing Federal gift taxes. The plaintiffs have proposed two reforms to the trust. First, they wish to adjust the annual withdrawal power of the beneficiaries to reflect the maximum Federal gift tax exemption. Second, they seek to insert a provision, which would qualify the withdrawal power as a "hanging power" of

---

[1] Jack Lee.

[2] Of the Lawrence Weber Irrevocable Trust.

[3] Julia Weber and Geoffrey Weber, minors and beneficiaries of the Lawrence Weber Irrevocable Trust. Their interests, as well as the interests of additional unborn or unascertained persons, are represented by a guardian ad litem appointed by the Probate and Family Court.

demand, thereby attempting to avoid the adverse tax consequences of annual lapses due to unexercised rights of withdrawal. The defendants, through a guardian ad litem, have assented to the relief sought in the complaint.

After a thorough review of the record, we are satisfied that the first proposed reform will indeed accomplish the settlor's original intent and should be allowed as a matter of Massachusetts law. This reform falls into the category in which we have allowed "the reformation of trust instruments which produced tax results that were clearly inconsistent with the settlor's tax objectives." *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), quoting *BankBoston* v. *Marlow*, 428 Mass. 283, 285 (1998). The current annual withdrawal power, which falls short of the maximum annual gift tax exemption, "fails to embody the settlor's intent because of scrivener's error." See *Walker* v. *Walker, supra*, quoting *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). However, the plaintiffs have not demonstrated that the second proposed reformation is necessary and proper under the prevailing standard set forth above.

This case is remanded to the Probate and Family Court for entry of a judgment reforming the Lawrence Weber Irrevocable Trust in the manner set forth in the seventh paragraph of the complaint, except with respect to the so-called "hanging power" provision described herein. The probate judge may issue further orders consistent with this opinion as appropriate to effectuate the reformation. The reformation is to be effective as of the date the trust instrument was executed.

*So ordered.*

The case was submitted on briefs.

*Matthew T. Hiatt, Michael K. Cook, & Richard K. Lichtman* for the plaintiffs.