FIDUCIARY TRUST COMPANY, trustee,[1] *vs.* ROBERT H. GOW & others[2] (and a consolidated case[3]). January 12, 2004. *Trust*, Reformation, Taxation. *Taxation, Trust.*

---

[1]Of the Ralph F. Gow Revocable Trust.

[2]Carole Gow; Barbara Gow Yeager; George Yeager; Laura Gow Neese; David Gow; Heather Gow Firestone; Scott Yeager; Kerry Yeager Stevens; Edward Donald Neese, Fourth; Hilary Patricia Neese; Lawson Gow; David Frederick Gow, Jr.; Christopher Robert Gow; Sarah Gow; Daniel Wesley Gow; Stephen Firestone; Andrew Firestone; Grace Firestone; Ryan Alden Yeager; Hannah Alexandra Yeager; Walker Alden Stevens; Emma Yeager Stevens; Nathaniel Wells Stevens; and the Commissioner of Internal Revenue.

[3]Fiduciary Trust Company, trustee, *vs.* Robert H. Gow & others.

These cases are before the court on the trustee's applications for direct appellate review after being reported to the Appeals Court by the Probate and Family Court. The question is whether the trusts at issue should be reformed to permit the trustee to sever each of them into two separate but identical trusts to minimize Federal generation skipping transfer (GST) taxes.

Typically, this type of reformation is allowed where there is a full and proper record and the requisite degree of proof concerning the settlor's intent to minimize tax consequences. See, e.g., *BankBoston* v. *Marlow*, 428 Mass. 283, 285 (1998) ("We have allowed the reformation of trust instruments which produced tax results that were clearly inconsistent with the settlor's tax objectives"). See also *Walker* v. *Walker*, 433 Mass. 581, 587 (2001) (trusts may be reformed "on clear and decisive proof that the instrument fails to embody the settlor's intent because of scrivener's error").

Here, the trustee asserts that the Gows hired an attorney to create two trusts, one for Eleanore L. Gow, and the other for her husband, Ralph F. Gow. The trustee also states in its brief (although without citation to or support in the record[4]) that the Gows specifically intended that the trusts "be drafted so as to allow the trustee to minimize the [GST tax] after [their] death, i.e., [they] intended a Trust that would avoid the [GST tax] as much as legally possible." The trustee adds that the lawyer, while possessed of "considerable skill in the field of estate planning," nonetheless "failed to take into consideration the [GST tax]." Thus, the trustee concludes, "[t]he Trust as delivered was not the Trust as ordered."

This is insufficient proof of the Gows's intent. *Walker* v. *Walker*, *supra* at 587. All the trustee has provided is its own bare statement that the Gows specifically intended that their trusts be drafted to minimize GST taxes. The record does not include an affidavit from anyone concerning the Gows's intentions. See *Putnam* v. *Putnam*, 425 Mass. 770, 772 (1997) ("the crucial evidence of intent and mistake may well be available from the lawyer who drafted [or misdrafted] the instrument"). Nor does it include a statement of agreed facts, despite this court's directive that one be provided.[5] While the individual defendants assented to the complaints,[6] the complaints do not contain any statement concerning the Gows's alleged intent.[7] The trustee perhaps could have, but did not, claim that the language of the trust instrument itself might evidence the Gows's tax consciousness. See, e.g., *Fleet Nat'l Bank* v. *Mackey*, 433 Mass. 1009, 1010 (2001) (reference to trust as a

---

[4]"No statement of a fact of the case shall be made in any part of the brief without an appropriate and accurate record reference." Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979).

[5]The orders allowing the trustee's applications for direct appellate review directed the parties to "provide the court with a full and proper record on which their request for reformation is based, including at a minimum an agreed statement (or other suitable evidence) of the relevant facts."

[6]The record appendix is missing an assent from David Gow in the case concerning Ralph's trust.

[7]Before reporting the cases to the Appeals Court, the Probate Court judge allowed the trustee's motion to waive the appointment of a guardian ad litem. When a trustee requests the reformation of a trust that may affect the interests of minor, unborn, unascertained, or incompetent beneficiaries, it is preferable that this court be furnished with and have the benefit of an independent guardian's opinion concerning the possible consequences of the reformation for those beneficiaries.

"marital deduction" trust indicated settlor's "tax consciousness").

The trustee's reformation request is denied *without prejudice*. See *Walker* v. *Walker, supra* at 582 n.5 (reminding litigants in reformation cases that they are required to supply "a full and proper record and the requisite degree of proof that they are entitled to the relief they seek").

*So ordered.*

*Patricia L. Davidson* for Fiduciary Trust Company.