LAWRENCE J. LORDI & another,[1] trustees,[2] *vs.* LAWRENCE J. LORDI & another,[3] executors,[4] & others.[5] January 13, 2005. *Trust,* Irrevocable trust, Reformation, Mistake. *Gift.*

The trustees of the Josephine J. Lordi Irrevocable Trust (irrevocable trust) commenced this action in the county court seeking reformation of the terms of a "split-dollar" life insurance agreement executed by Josephine J. Lordi (Mrs. Lordi) and the trustees. Pursuant to that agreement, the irrevocable trust purchased a $1,000,000 policy insuring Mrs. Lordi's life, and substantial premiums were paid by the irrevocable trust, directly or indirectly, with funds provided to the trust by Mrs. Lordi for that purpose each year ($325,000 a year). On her Federal gift tax returns for the relevant years, Mrs. Lordi treated $170,000 of that $325,000 as gifts that were within the Federal gift tax exemption (annual exclusion gifts),[6] and indicated that the remaining $155,000 balance "will be returned to the donor."

As executed, the split-dollar agreement requires that, on Mrs. Lordi's death, the irrevocable trust obtain the policy's death proceeds and "pay to [Mrs. Lordi's estate] . . . an amount of cash equal to [the] cash surrender value of the policy immediately prior to" her death, "but not to exceed the total Policy death proceeds." The trustees contend that, due to a scrivener's error and a mutual mistake of the parties, the agreement fails to effectuate the parties' intent that the amount due to the estate be reduced by the cumulative annual exclusion gift amount. The effect of that omission, they contend, is that an additional $340,000 (which Mrs. Lordi treated as annual exclusion gifts) must be paid from the irrevocable trust to the estate, resulting in an additional Federal and State estate tax liability of approximately $156,000.[7] Accordingly, the trustees seek the addition of language correcting the error. The defendants have assented to both the specific allegations of the complaint and the specific relief requested. A single justice of this court reserved and reported the case to the full court without decision.

Irrevocable trusts, such as the trust at issue in this case, "are most often created for tax savings purposes." G.G. Bogert, Trusts and Trustees § 234 (rev. 2d ed. 1992). If properly drafted, an irrevocable trust may avoid inclusion of all or a portion of the proceeds of an insurance policy in the insured's estate. *Id.* at §§ 235, 273.40. Split-dollar arrangements similarly may be used for tax planning purposes. *Id.* We have held before that "[i]f the language of a written instrument does not reflect the true intent of both parties, the mutual mistake is reformable. . . . To be entitled to reformation, a party must

---

[1]Stephen E. Lordi.

[2]Of the Josephine J. Lordi Irrevocable Trust.

[3]Stephen E. Lordi.

[4]Of the will of Josephine J. Lordi.

[5]Lawrence J. Lordi and Stephen E. Lordi, trustees of the Josephine J. Lordi Revocable Trust 1999; Lawrence J. Lordi; Ralph J. Lordi, Jr.; Stephen E. Lordi; Susan E. Lordi; Lynne T. Neal; and the Commissioner of Internal Revenue.

[6]At the time the gifts were made, the parties represent that the irrevocable trust had seventeen eligible beneficiaries. The $170,000 figure represents the cumulative gift of $10,000 to each beneficiary.

[7]The parties represent that the beneficiaries of Mrs. Lordi's estate, the revocable trust, and the irrevocable trust are all the same: Mrs. Lordi's five children.

present full, clear, and decisive proof of mistake." (Citations omitted.) *Polaroid Corp.* v. *Travelers Indem. Co.*, 414 Mass. 747, 756 (1993). In this case, our review of the record satisfies us that the proposed reform is consistent with the parties' original intent to minimize adverse tax consequences, *Wright* v. *Weber*, 437 Mass. 1001 (2002) (reforming irrevocable trust), and that reformation of the split-dollar life insurance agreement is appropriate to reflect the parties' intent. See *Polaroid Corp.* v. *Travelers Indem. Co.*, *supra*.[8]

We remand the case to the county court for entry of a judgment reforming the agreement as sought in the second prayer for relief of the complaint.

*So ordered.*

The case was submitted on briefs.

*Laurie J. Hall & Joan Garrity Flynn* for the plaintiffs.

---

[8]While the record is adequate to support reformation in this case, it is barely so. Among other things, the record does not contain affidavits from any of the parties, or from the financial advisor or the attorney involved in the preparation of the estate plan or the documents at issue, nor does it include the "insurance illustrations" referenced in the complaint or a statement of agreed facts. The parties likely could, and should, have done better. Nonetheless, our review of the assented-to complaint (which includes statements of Mrs. Lordi's intent), together with our examination of the estate planning documents at issue and the Federal gift tax returns, persuades us that reformation is appropriate.

We caution litigants and attorneys, however, that cases such as this should not be brought lightly; that alternatives to litigation should be fully explored where practicable; and that when such cases are before us, a full and proper record — making manifest "the requisite degree of proof" concerning the settlor's intent — must be present. *Walker* v. *Walker*, 433 Mass. 581, 582 n.5 (2001). Where a record contains insufficient proof, parties should expect that their request for reformation will be denied. See, e.g., *Fiduciary Trust Co.* v. *Gow*, 440 Mass. 1037, 1038 (2004) (declining reformation where, although defendants assented to complaints, they contained no statement of settlors' intent, trustee did not claim trust instrument provided evidence of tax consequences, there was no statement of agreed facts, and no affidavit concerning settlors' intentions).

