IN THE MATTER OF THE JESSIE CAROLINE ROBINSON TRUST. January 23, 2008.
*Trust*, Reformation.

The trustee of the Jessie Caroline Robinson Trust (trust) filed a petition in the county court seeking reformation. A single justice reserved and reported the matter. The reservation and report directed that "the parties shall furnish for the full court either a report from a guardian ad litem addressing the effect, if any, of the proposed reformation on the interests of minor, unborn, unascertained, or incompetent beneficiaries, or a full and detailed explanation why the report of a guardian ad litem is not necessary." The trustee has not produced a report from a guardian ad litem, and has offered insufficient explanation why he contends such a report is not necessary. We decline to order reformation of the trust on the current record, and so we remand the matter to the county court for further proceedings.

As in any case requesting reformation of a trust, "a full and proper record — making manifest 'the requisite degree of proof' concerning the settlor's intent — must be present. *Walker* v. *Walker*, 433 Mass. 581, 582 n.5 (2001). Where a record contains insufficient proof, parties should expect that their request for reformation will be denied. See, e.g., *Fiduciary Trust Co.* v. *Gow*, 440 Mass. 1037, 1038 (2004) . . . ." *Lordi* v. *Lordi*, 443 Mass. 1006, 1007 n.8 (2005). This includes the requirement that all beneficiaries' interests be considered. "When a trustee requests the reformation of a trust that may affect the interests of minor, unborn, unascertained, or incompetent beneficiaries, it is preferable that this court be furnished with and have the benefit of an independent guardian's opinion concerning the possible consequences of the reformation for those beneficiaries." *Fiduciary Trust Co.* v. *Gow*, *supra* at 1038 n.7. Here, the trustee, the settlor's surviving spouse, moved to waive appointment of a guardian ad litem on the ground that the settlor's sole heirs are himself and his and the settlor's son and daughter. However, the trust provides for distributions to the son's descendants. Therefore, there are potential unborn or unascertained beneficiaries, whose interests should be considered. Furthermore, the trustee's petition alleges that the daughter is developmentally

disabled. The record does not reveal the precise nature of her disability or definitively demonstrate her competence to understand and assent to the relief sought. There are some indications in the record that she may not be competent for these purposes. The trustee (her father) represents that she is competent and that the proposed reformation, although it would delete a provision authorizing distributions to her, would ultimately be to her benefit due to tax savings.[1] We nonetheless are not satisfied at this point that appointment of a guardian ad litem is unnecessary in all the circumstances of this case, particularly where the deletion would resolve an alleged ambiguity in favor of the father. Consistent with the single justice's order, the trustee bore the burden either to supply a report from a guardian ad litem appointed to represent and protect the daughter's interests or to resolve to the court's satisfaction that no guardian ad litem is needed. The sparse assertions in the trustee's explanation do not carry this burden.

In addition, certain relevant information is absent from the record. For example, the trust provides that a "Special Trustee" shall be responsible for administering certain provisions of the trust. It is alleged that the purpose of naming a special trustee was to prevent the surviving spouse, as trustee, from making certain distributions that would have adverse tax consequences. However, the person named in the trust as special trustee has declined to serve, and the record does not reveal a successor. The special trustee should be identified and afforded an opportunity to participate in this matter, and his or her position on the merits of the proposed reformation should be indicated. Also, the trust instrument, and other materials in the record, refer to a separate "supplemental needs" trust established for the daughter's benefit. A copy of the supplemental needs trust instrument should be provided to the guardian ad litem and made part of the record.

The proposed reformation is denied without prejudice. The matter is remanded to the county court for appointment of a guardian ad litem to represent and protect the interests of any minor, unborn, unascertained, or incompetent beneficiaries; for the appointment of a guardian ad litem to represent and protect the daughter's interests; and for any further development of the record consistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Michael T. Lahti* for the plaintiff.

---

[1] The trustee does not provide any facts or calculations showing the amount of tax savings or other effects on the trust property that he believes would result from the proposed reformation. See *Hillman* v. *Hillman*, 433 Mass. 590, 593 n.7 (2001); *Putnam* v. *Putnam*, 425 Mass. 770, 773 & n.4 (1997).