Rescript Opinions.

CRAIG BREAKIRON *vs.* LAUREN BREAKIRON GUDONIS & others.[1] September 17, 2008. *Trust,* Reformation, Taxation. *Taxation,* Trust.

Craig Breakiron commenced this action in the Land Court, seeking rescission of two disclaimers of his interests in certain real property that would otherwise have passed to Breakiron and his sister, Lauren Breakiron Gudonis.[2] Allegedly, Breakiron executed the disclaimers in reliance on erroneous legal advice that the disclaimers would be "qualified" under the Internal Revenue Code and that no gift tax would be imposed on the transfer of his interests to Gudonis. The defendants were served with the complaint but did not file an answer or other responsive pleading. No defaults were entered. The judge reported the case to the Appeals Court, and we allowed Breakiron's application for direct appellate review. We deny the requested relief without prejudice.

A party seeking equitable reformation of an irrevocable instrument must provide "a full and proper record and the requisite degree of proof concerning the settlor's intent to minimize tax consequences." *Fiduciary Trust Co.* v. *Gow,* 440 Mass. 1037, 1038 (2004), *S.C.,* 443 Mass. 1017 (2005). See *Matter of the Robinson Trust,* 450 Mass. 1023 (2008); *Lordi* v. *Lordi,* 443 Mass. 1006 (2005). While there is some evidence of Breakiron's "tax consciousness" in executing the disclaimers (namely, the fact that each disclaimer recites that it is intended as a qualified disclaimer under the Internal Revenue Code), the record here is inadequate in several fundamental respects. The allegations in the complaint are unsupported by any competent evidence, apart from the disclaimers themselves. The complaint itself is not verified, nor is there any indication that the defendants agree to the allegations therein.[3] Breakiron has not submitted an affidavit attesting to his allegations. The drafter of the disclaimers — allegedly a Connecticut attorney, who is not identified by name in the record — also has not submitted an affidavit supporting any of the allegations. The trust instruments are also needed to complete the record. Indeed, it cannot be determined on this record whether Gudonis actually owns the property at issue. Assuming that the property passed to her as suggested by Breakiron's allegations, she could well have mortgaged the property, sold it to a bona fide purchaser, or otherwise disposed of it. If so, there would be other parties entitled to participate, and it might be impossible to provide effective relief. In short, on this slim record, equitable relief cannot be given.

A judgment shall enter in the Land Court denying relief without prejudice.

*So ordered.*

*John G. Fabiano* (*Marvin B. Bedingfield* with him) for the plaintiff.

[1] Lauren P. Breakiron and Margit T. Breakiron, trustees of the Lauren P. Breakiron Irrevocable Personal Residence Trust and of the Margit T. Breakiron Irrevocable Personal Residence Trust; and the Internal Revenue Service.

[2] The Land Court has jurisdiction over "[a]ll cases and matters cognizable under the general principles of equity jurisprudence where any right, title or interest in land is involved . . . ." G. L. c. 185, § 1 (*k*).

[3] That the defendants have not affirmatively disputed any of the allegations is not adequate. In such cases, we have often denied relief until the parties "suppl[ied] an agreed statement of the relevant facts (or other proof that the facts are undisputed)." *Sheinkopf* v. *Bornstein,* 443 Mass. 1012, 1013 n.5 (2005). See *Shultz* v. *Shultz,* 451 Mass. 1014, 1015 n.4 (2008); *Matter of the Estate of Lunt,* 448 Mass. 1004, 1004 (2007); *Fiduciary Trust Co.* v. *Gow,* 440 Mass. 1037, 1038 (2004), *S.C.,* 443 Mass. 1017 (2005).