FREDERICK U. FIERST & another,[1] trustees,[2] *vs.* PETER A. LAIRD & others.[3]
April 28, 2009. *Trust,* Mistake, Taxation, Reformation. *Taxation,* Estate tax.

The trustees of three related trusts commenced this action in the county court requesting a declaration that the trusts contain certain scrivener's errors. They also request reformation of the trusts. Relief is warranted, they contend, because the trusts as presently written fail to accomplish the grantors' intent to minimize estate taxes. The defendants, who are the beneficiaries of the trusts, have stipulated to the relevant facts and assented to the specific relief requested.[4] A single justice reserved and reported the case. See *Commissioner of Internal Revenue* v. *Estate of Bosch*, 387 U.S. 456, 465 (1967); *Walker* v. *Walker*, 433 Mass. 581, 582 (2001). We decline to grant the requested relief.

Under Massachusetts law, a trust may be reformed on "clear and decisive proof that [an] instrument fails to embody the settlor's intent because of scrivener's error." *Walker* v. *Walker, supra* at 587, quoting *DiCarlo* v. *Mazzarella*, 430 Mass. 248, 250 (1999). We have decided many cases such as this, that lack some of the usual adversary characteristics, because "the parties have represented that a decision from this court will facilitate their dealings with the Internal Revenue Service," *Walker* v. *Walker, supra* at 582, but we do so with the expectation that litigants will provide "a full and proper record and the requisite degree of proof that they are entitled to the relief they seek," and that the litigants and their attorneys, "in the interest of conserving scarce judicial resources as well as their own resources . . . will explore, whenever

[1] Paul Ricard.

[2] Of the Peter A. Laird 1991 Irrevocable Trust, the Jeannine C. Atkins 1991 Irrevocable Trust, and the Emily Maryn Atkins Laird 1991 Irrevocable Trust.

[3] Jeannine C. Atkins and Emily Maryn Atkins Laird.

[4] The parties did not file a report of a guardian ad litem or provide a compelling reason for not doing so. We look on such omission with disfavor. See *Fiduciary Trust Co.* v. *Gow*, 440 Mass. 1037, 1038 & n.7 (2004), *S.C.*, 443 Mass. 1017 (2005). See also *Matter of the Robinson Trust*, 450 Mass. 1023 (2008).

practicable, alternative resolutions satisfactory to the Internal Revenue Service." *Id.* at 582 n.5. In this case, the trustees have not satisfied us that the trusts, as written, will "produce[] tax results that [are] clearly inconsistent with the settlor's tax objectives"; the trustees have not presented adequate appellate argument to demonstrate that, as a matter of Federal tax law, the trusts as written will have the adverse consequences alleged.[5] *Id.* at 587, quoting *BankBoston* v. *Marlow*, 428 Mass. 283, 285 (1998). See *Florio* v. *Florio*, 445 Mass. 1004 (2005) (declining relief absent indication that relief sought is necessary). Moreover, there is no indication in the record of an adverse ruling or position taken by the Internal Revenue Service, see *Walker* v. *Walker*, *supra* at 582, or any suggestion that a decision from this court will have an "important bearing upon prudent present action." *Billings* v. *Fowler*, 361 Mass. 230, 233 (1972).

We caution again that actions such as this should not be brought lightly. *Walker* v. *Walker*, *supra* at 582 n.5. See *Lordi* v. *Lordi*, 443 Mass. 1006, 1007 n.8 (2005). Taking no view on the substantive merits of the trustees' requests, we remand the matter to the county court where a judgment shall enter denying relief without prejudice.

*So ordered.*

The case was submitted on briefs.

*Deborah L. Anderson & Sarah T. Connolly* for the plaintiffs.

[5]We recognize that irrevocable trusts "are most often created for tax savings purposes," G.G. Bogert, Trusts and Trustees § 234 (rev. 2d ed. 1992), and that, if properly drafted, an irrevocable trust may prevent inclusion of all or a portion of the proceeds of an insurance policy in the insured's estate. *Id.* at § 235. G.G. Bogert, Trusts and Trustees § 273.40 (3d ed. 2005). In this case, however, the trustees have not provided adequate appellate argument to support the conclusion that the trusts were not properly drafted.

