NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-43

WILMINGTON TRUST NATIONAL ASSOCIATION, trustee,[1]

vs.

MICHAEL J. MCSHARRY & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A defendant, Michael J. McSharry, appeals from an order finding a settlement agreement resolving the underlying postforeclosure summary process action unenforceable, as well as from the denial of a motion to reconsider that order. Concluding that we have jurisdiction because the orders appealed from are not interlocutory, and that the enforceability of the settlement agreement survives a scrivener's error, we vacate and remand.

1. Appellate jurisdiction.  The plaintiff argues that we lack jurisdiction over this appeal because the orders appealed from are interlocutory, and requests for review of interlocutory orders must be taken to a single justice, rather than to a

_____

[1] Of the MFRA Trust 2014-2.
[2] Carol A. McSharry.

panel.  "Generally, a litigant is entitled to appellate review only of a final judgment, not of an interlocutory ruling." Linder v. Pollak, 102 Mass. App. Ct. 386, 390 (2023), quoting Lynch v. Crawford, 483 Mass. 631, 634 (2019).  See CP 200 State, LLC v. CIEE, Inc., 488 Mass. 847, 847-848 (2022) (interlocutory order on motion to enforce settlement agreement not immediately appealable under doctrine of present execution).  Postjudgment orders, on the other hand, are generally immediately appealable. See, e.g., Lasher v. Leslie-Lasher, 474 Mass. 1003, 1004 (2016) ("ordinary appellate process" allows "an appeal to a panel of the Appeals Court from the postjudgment order").  Here, the orders are immediately appealable as postjudgment orders because they entered after final judgment entered, which occurred on February 19, 2020, when the motion judge allowed summary judgment for the plaintiff on both possession of the property and costs.[3]

2.  Settlement agreement.  a.  Standard of review.  Where, as here, parties to litigation have entered into a settlement

_____

[3] Because we discern that this is an appeal from postjudgment orders, we need not address the plaintiff's argument that the time to file a petition for an interlocutory appeal has run. Nonetheless, we note that a timely appeal from a final judgment generally allows review of any prior interlocutory orders.  See Mass. R. A. P. 3 (a) (2), as appearing in 481 Mass. 1603 (2019) ("A party need not claim an appeal from an interlocutory order to preserve the party's right to have such order reviewed upon appeal from the final judgment").  Accord Jarosz v. Palmer, 436 Mass. 526, 534 (2002).

agreement for the underlying action, a request for enforcement of that agreement may be sought through a motion for enforcement. See Duff v. McKay, 89 Mass. App. Ct. 538, 542 (2016). Although judges "enjoy substantial leeway" in resolving such motions, an order issued without an evidentiary hearing "should be treated as akin to one for summary judgment." Id. Accordingly, we review "de novo, to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'" Id. at 542-543, quoting Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011).

b. Enforceability of the agreement. "It is axiomatic that to create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." Goddard v. Goucher, 89 Mass. App. Ct. 41, 47 (2016), quoting Situation Mgt. Sys. Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000). "If the language of a written instrument does not reflect the true intent of both parties, the mutual mistake is reformable." Caron v. Horace Mann Ins. Co., 466 Mass. 218, 222 (2013), quoting Polaroid Corp. v. Travelers Indem. Co., 414 Mass. 747, 756 (1993). "To be entitled to reformation, a party must present full, clear, and decisive proof of mistake." Lordi v. Lordi, 443 Mass. 1006, 1006-1007

3

(2005), quoting Polaroid Corp., supra.  The defendant has met that burden here.

Both parties agree that the property sale price under their settlement agreement is six hundred thousand dollars, as twice listed in that settlement agreement, despite the single scrivener's error listing a net sales price of "Six Hundred and Fifty Thousand Dollars ($600,000.00)."  The parties' agreement, together with the otherwise consistent use of six hundred thousand dollars as the price term, is enough to establish "full, clear, and decisive proof of mistake."  Lordi, 443 Mass. at 1006-1007, quoting Polaroid Corp., 414 Mass. at 756.  See Ciampa v. Bank of Am., 88 Mass. App. Ct. 28, 31 (2015), quoting Pond v. Pond, 424 Mass. 894, 898 (1997) ("Designating a person who does not exist as the intended beneficiary of a trust is, without more, 'clear and decisive proof of mistake due to scrivener's error'").  Therefore, the motion judge's finding "that the parties never reached a meeting of the minds" as to the purchase price cannot stand.

The plaintiff raises two other theories as to why the settlement agreement is not an enforceable contract.  First, the plaintiff argues that the settlement agreement is "defective" because two third parties did not sign it.  The fact that the settlement agreement is not signed by the third parties may mean that it is not enforceable against those third parties, see

4

G. L. c. 259, § 1, but it does not impact whether it is enforceable against the plaintiff, who was a signatory.[4] Contracts routinely state duties of the contracting parties that may be influenced by or dependent on the actions of third parties, but that does not make them unenforceable against the contracting parties.

The plaintiff further argues that the settlement agreement was not sufficiently definite to be a contract because it did not identify the anticipated third-party purchaser or specifically identify the "closing costs" that would be assigned to that anticipated third-party purchaser in a purchase and sale agreement. The agreement, however, was not for the sale of the property; it was a settlement agreement of the summary process action that anticipated the sale of the property if, and only if, certain conditions were met. It required the defendants to provide the plaintiff "with a third party purchase and sale agreement" that met specific conditions, including that the third-party purchaser would "pay all closing costs, if any, not including transfer tax, pro-rated real estate tax and seller attorney fees." Under the agreement, the defendants could pick

---

[4] Elizabeth Taylor, the "Eviction Manager" for Radian Real Estate Management LLC, signed the contract on behalf of Radian Real Estate Management LLC as "attorney-in-fact" for the plaintiff. The plaintiff does not challenge her authority to sign the contract on its behalf.

any third-party purchaser willing to meet the terms set forth in the agreement, so the contract did not need to identify a specific person. Similarly, the "closing costs, if any" did not need to be specifically identified in the contract because all of the costs except the costs specifically excluded were assigned to the purchaser.

Accordingly, we vacate the motion judge's order finding that the settlement agreement was not an enforceable contract and remand the matter for further proceedings. As noted, the judge has discretion in setting the form of such proceedings, see Duff, 89 Mass. App. Ct. at 542, which are commonly resolved through either summary judgment, see, e.g., Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass. App. Ct. 29, 43 (2008), or an evidentiary hearing, see, e.g., Sparrow v. Demonico, 461 Mass. 322, 324 (2012). We leave it to the motion judge on remand to determine whether either party breached any material terms of the contract, whether any defenses apply, and what remedies, if any, are appropriate. These questions have not been briefed adequately on appeal, and therefore they are not appropriate for us to decide.

3.  <u>Conclusion</u>.  We vacate the order docketed on October 15, 2021, and remand the matter for further proceedings consistent with this decision.

So ordered.

By the Court (Ditkoff,
  Englander & Walsh, JJ.[5]),

Assistant Clerk

Entered:  February 15, 2024.

---

[5] The panelists are listed in order of seniority.